Copy

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| HAGH LAW PLLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO._____ |
| v. | ) |
| | ) |
| PHILLIP YOUNG, CUMMINGS | ) |
| MANOOKIAN PLC, HAMMERVOLD | ) |
| PLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

The Plaintiff for its causes of action respectfully states to the Court the following:

**I.**        **PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2. Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3. Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4. Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

1

5. This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6. Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101. This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

## II. FACTUAL ALLEGATIONS

7. Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8. On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9. On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10. Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11. Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

Copy

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12. The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

### III. COUNT ONE – DECLARATORY JUDGMENT

13. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

Copy

18. There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

### **R**ELIEF **R**EQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1. That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2. That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3. That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4. That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5. That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6. That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

Respectfully Submitted,

_____

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5