IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No: 3:19-bk-07235 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |

## SUPPLEMENT TO APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee herein (the "Trustee"), pursuant to the Court's December 20, 2019 Order (Doc. 20) (the "Order") respectfully supplements the Application of Trustee to Employ Special Counsel (Doc. 6) (the "Employment App") as follows:[1]

1. Pursuant to the Employment App, the Trustee seeks to employ Thompson Burton PLLC ("TB") to represent the Trustee in this matter as special counsel for specified purposes, pursuant to 11 U.S.C. 327(e). The Trustee wishes to identify with greater specificity the services that she anticipates that TB will provide to the Trustee. In that regard, the Trustee hereby amends Paragraph 3 of the Employment App as follows:

> The Trustee anticipates that the services of Thompson Burton PLLC will consist of representation of the Trustee in connection with (1) the collection of legal fees and expenses owed, or which the Trustee alleges are owed, to the Debtor; and (2) pursuit of causes of action against any entity or individual in possession of fees owed, or which the Trustee alleges are owed, to the Debtor, and/or any individual taking action to prevent the collection of such fees. This representation is expected to include, but shall not necessarily be limited to: (a) filing adversary proceedings before this Court; (b) filing pleadings before the Williamson County Circuit Court or other state courts (as needed) in furtherance of the collection of fees owed to the Debtor; (c) the scheduling and taking of depositions and/or Rule 2004 examinations related to the collection of fees; (d) filing motions for turnover and/or motions to compel cooperation in obtaining documents needed to pursue collection of fees owed to the Debtor; and (e) any other administrative matter necessary to collect fees owed to the Debtor. At this time, the Trustee anticipates

---

[1] The Trustee hereby incorporates the Employment App, all statements made therein, and all exhibits thereto as if fully restated herein.

that causes of actions might be filed against Afsoon Hagh, Hagh Law PLLC, First Citizens Bank, Brian Manookian and/or Manookian PLLC (the "Anticipated Defendants").[2] The causes of action against the Anticipated Defendants might include, but are not limited to, claims for fraud, conspiracy to commit fraud, fraudulent transfer, turnover, injunctive relief, preferential transfer, successor liability, mere continuation of business, alter-ego, piercing the corporate veil, tortious interference and/or declaratory judgment. The Trustee and TB reserve the right to request the Court to supplement this Application to add additional duties as necessary for the efficient administration of this estate. However, TB will not be employed to represent the Trustee or the estate in *Hagh Law PLLC v. Phillip Young et al.,* a matter filed on December 19, 2019 in Davidson County Circuit Court. Neither will TB represent the Trustee in reviewing or evaluating any potential causes of action or claims for contribution against former receiver Phillip G. Young. Should the Trustee believe that either of these matters warrants employment of counsel, she will seek to employ separate special counsel.

2. In further support of this Supplement and the Employment App, the Trustee relies upon the Amended Unsworn Declaration of Phillip G. Young, Jr. dated December 21, 2019 (the "Amended Declaration"), attached hereto as <u>Appendix A</u>. The Amended Declaration establishes, contrary to the allegations of Brian Manookian in his objection and supplemental objection to the Motion, that neither Phillip G. Young, Jr. nor TB represents nor holds any interest adverse to the debtor or the estate with respect to the matters on which they are to be employed.

3. The Amended Declaration also establishes that TB's employment in this case is in the best interest of the estate. In fact, for the reasons stated in the Amended Declaration, the Trustee believes that TB is uniquely qualified to serve as special counsel for the collection of legal fees owed to this estate due to the knowledge its attorneys gained from Phillip G. Young's collection of legal fees as state court receiver. Mr. Young has identified, and taken steps to secure, the Debtor's interest in legal fees owed to it in more than a dozen cases. Mr. Young was

---

[2] No cause of action is currently anticipated against Brian Cummings, who has been fully cooperating with the turnover of Cummings Manookian fees. The Trustee reserves the right to bring an action against Mr. Cummings should that cooperation cease.

successful in enjoining, through January 17, 2020, the disposition of $715,000 in fees which the estate may now have an interest.  Were the Court to deny the Employment App, the Trustee believes that she would have an exceedingly difficult time employing special counsel who can educate themselves on the issues in this case and take action to secure the $715,000 prior to the expiration of the injunction on January 17, 2020.  Accordingly, not only is TB's employment as special counsel in the best interest of the estate, denial of the Employment App would be extremely prejudicial to the estate, its creditors and legitimate parties in interest.

      WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested in the Employment App, subject to the additions and alterations contained in this Supplement, and for such other and further relief as is just.

      Dated:  December 21, 2019.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

# APPENDIX A

## AMENDED DECLARATION OF PHILLIP G. YOUNG, JR.

I verify under penalty of perjury that the statements contained in the foregoing document, and in this Amended Declaration, are true and correct to the best of my knowledge, information and belief. This Amended Declaration is intended to supplement my prior Declaration and the testimony I offered in court on December 17, 2019, pursuant to the Court's request, as well as the Trustee's Response filed on December 20, 2019 (Doc. 19) to Brian Manookian's supplemental reply. The purpose of this Amended Declaration is to clearly and completely detail for the Court my involvement in matters related to this case and any sources of potential conflict, whether or not such potential conflicts are related to the matters on which my firm is to be employed.

Neither I nor Thompson Burton PLLC, of which I am a member, has an interest adverse to the estate with respect to the matters on which we are to be employed. More specifically, neither I nor Thompson Burton PLLC has any interest that would adversely affect the collection of legal fees owed to Cummings Manookian PLC.[3]

I first became involved in this matter on June 20, 2019, when I was appointed by the Williamson County Circuit Court in the case of *Dean Chase, Sandra Chase and D.F. Chase, Inc. v. Cummings Manookian PLC, Manookian PLLC, Brian Philip Manookian, Hammervold PLC, Mark Hammervold, Cummings Law LLC, Brian Cummings and Afsoon Hagh*, Case No. 2019-221 (the "State Court Action"), to serve as receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 for the execution of a levy on choses in action (or accounts receivable for legal fees owed)

---

[3] In some documents, Cummings Manookian is listed as "Cummings Manookian PLC" and in others, such as the Petition, as "Cummings Manookian PLLC". The Secretary of State shows the proper name is "Cummings Manookian PLC".

4

of the Debtor and a non-debtor entity, Hammervold PLC. I attach to this Amended Declaration a copy of both the motion to appoint a receiver in the State Court Action (Exhibit 1) and the order that appointed me receiver in the State Court Action (Exhibit 2). In the Receivership Action, I was tasked with collecting the choses in action of Cummings Manookian PLC and Hammervold PLC in furtherance of the collection of a $750,000 sanction awarded in favor of the State Court Action plaintiffs against Cummings Manookian PLC, Hammervold PLC, Brian Manookian, and Mark Hammervold. I was not involved in the proceedings that led to the award of the sanctions. Rather, I was tasked by the state court, pursuant to the state levy and execution statutes, to collect on choses in action that might be used to pay the judgment. I was not authorized to make distributions without further court order.

I did not serve as receiver over Cummings Manookian PLC nor Hammervold PLC. That is, beyond the collection of fees owed to those two entities, I took no actions in their name. I did not undertake to run the businesses of those two firms, did not marshal any assets of those firms beyond their choses in action, did not evaluate their indebtedness, and did not evaluate any other assets. Rather, I levied on attorneys' fees that were owed to the firms pursuant to the state court's order and the state levy statutes (which authorize levies by sheriff or by receiver).

One of the specific powers I was given by the court in the State Court Action was to file attorneys' liens in any action in which Cummings Manookian PLC or Hammervold PLC were owed attorneys' fees. In furtherance of that, the state court directed certain parties, including Brian Cummings, Brian Manookian and Mark Hammervold, to provide me a list of all cases in which Cummings Manookian PLC or Hammervold PLC might have an interest in fees, and any documents related to those cases. After receiving the lists from these parties (but not having received documents, which led to my filing a motion to compel), and after personally conducting

5

Case 3:19-bk-07235    Doc 21    Filed 12/21/19    Entered 12/21/19 21:00:00    Desc Main
Document    Page 5 of 13

a search of court records of counties within the Metro Nashville area, I filed attorneys' liens in the following cases:

| Case Name | Court |
|---|---|
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

On July 3, 2019, I received checks from Brian Cummings for Hammervold PLC's and Cummings Manookian PLC's interest in fees for two cases that had just settled prior to my recording of attorneys' liens. Again on September 23, 2019, Brian Cummings turned over to me fees and expenses that were owed to Hammervold PLC and Cummings Manookian PLC on account of the settlement of the *Thompson v. Sidrys* matter in Putnam County Circuit Court. In total, as receiver I am currently holding in trust $71,254.35: $25,305.99 levied from Hammervold PLC choses in action and $45,948.36 levied from Cummings Manookian PLC choses in action. Of the amounts being held on account of Cummings Manookian choses in action, $23,637.22 was levied within the ninety days prior to this bankruptcy. I have informed the Trustee that I would have no participation in any evaluation of whether this amount was recoverable by the estate, that I would continue holding that money in trust pending a decision

by the Trustee on that matter, and that I would cooperate with any request made upon me with regard to those funds.

Until August 21, 2019, my role as receiver primarily involved the filing of attorneys' liens and the attempts (sometimes via motions to compel) to gather information needed for my collection of the choses in action. On August 21, 2019, I learned that one of the cases in which I had filed an attorneys' lien, the *Fitzgerald* case, was nearing a resolution and that it was expected to produce a fee exceeding $1 million. I reached out to counsel for the defendant in that matter and learned that Brian Manookian had instructed that the defendant make all fee checks payable to Hagh Law PLLC, a law firm that I knew to be owned and controlled by Mr. Manookian's wife, Afsoon Hagh, and which corporate entity had not been created until March 2019 – nearly a year after the *Fitzgerald* case was filed. While I was aware that Ms. Hagh had been involved in the *Fitzgerald* case, I also knew that the case had been filed for the Plaintiff by Cummings Manookian. I reached out to defense counsel to remind him of the attorneys' lien filed in the case; he informed me that he intended to pay all fees over to Hagh Law PLLC pursuant to Mr. Manookian's request.

In order to protect the receivership estate's interest in the *Fitzgerald* fee, I filed an *ex parte* motion for a temporary restraining order on August 23, 2019. The state court granted the motion, and I attach the temporary restraining order that prevented the disposition of the *Fitzgerald* fees hereto as <u>Exhibit 3.</u> In response to this TRO, both Mr. Manookian, on behalf of the *Fitzgerald* plaintiffs, and the counsel for the defendants in that case threatened to void the settlement if I would not agree to allow the fees to be paid to Hagh Law PLLC. Ultimately, Mr. Manookian and I reached an agreement on this issue; we agreed that Hagh Law PLLC would deposit and hold $760,000 in its IOLTA trust account pending further order of the court, but that

the remainder of the fee earned in the *Fitzgerald* case could be distributed to Hagh Law. The order that resolved this TRO is attached hereto as Exhibit 4.

Throughout September and into October, I continued my investigation into Cummings Manookian's ownership interest in the *Fitzgerald* funds and fees in other cases. In furtherance of that, I met with Mr. Manookian and requested documents of him. I received some responsive documents but never received all requested documents (including, most notably, a purported engagement letter between Hagh Law PLLC and the *Fitzgerald* plaintiffs, which Mr. Manookian claims post-dated the engagement letter with Cummings Manookian PLC).

While in the process of gathering this information, I learned that Hagh Law PLLC had transferred the $760,000 from an IOLTA trust account into a normal checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC". Mr. Manookian told me that the money had been moved at the direction of the Board of Professional Responsibility, because the Tennessee Rules of Professional Conduct did not allow an attorney to maintain funds in a trust account after a lawsuit was resolved. Concerned about the safety of these funds and Hagh Law's unilateral decision to move these funds without relief from the prior order, I filed a motion asking the state court to order Afsoon Hagh and/or Hagh Law PLLC to deposit the $760,000 with the state court. The state court ruled on November 5, 2019, that Afsoon Hagh and Hagh Law PLLC were ordered to deposit $760,000 with the state court by no later than noon on November 12, 2019. That same day, Brian Manookian (who had filed an appearance in the case as counsel for Afsoon Hagh and Hagh Law PLLC) informed the court's secretary that he would be submitting a competing order and that the court should not enter the order for seven days. The next day, November 6, 2019, Mr. Manookian filed this bankruptcy case on behalf of Cummings Manookian, PLC. On November 8, 2019, he filed a notice of withdrawal of counsel for Afsoon

Hagh and Hagh Law PLLC, because his law license had again been suspended by the Board of Professional Responsibility. The state court entered the order requiring Afsoon Hagh and Hagh Law PLLC to deposit funds with the state court on November 12, 2019. I have attached a copy of that order hereto as <u>Exhibit 5</u>.

On the afternoon of November 12, 2019, I called the Williamson County Circuit Court to confirm whether Afsoon Hagh had deposited the $760,000 by noon as required by the court's order. The clerk indicated that no money had been deposited. I called twice more over the next six days and each time the court clerk indicated that no money had been deposited by Ms. Hagh. On November 18, 2019, after consulting with the Trustee in this case, I filed an *ex parte* motion with the state court seeking a temporary restraining order to freeze $760,000 in Afsoon Hagh's and/or Hagh Law PLLC's bank accounts. The court entered a temporary restraining order, a copy of which is attached as <u>Exhibit 6</u>. The temporary restraining order was amended and extended, as Ms. Hagh requested that the hearing on the injunction be continued. An injunction hearing was ultimately held on December 10, 2019. Brian Manookian appeared at the hearing as did John Spragens, counsel for Hagh Law PLLC and Afsoon Hagh. I appeared as Receiver and the Trustee attended as well. All parties agreed that an injunction freezing some of the *Fitzgerald* fees would remain in place through January 17, 2020, and the parties agreed that, because of the Debtor's bankruptcy filing, the Bankruptcy Court was the proper forum for determining ownership of those fees. The state court entered the injunction order in which he directed that $710,000 remain frozen through January 17, 2020. A copy of that order is attached as <u>Exhibit 7</u>.

The Debtor did not file schedules in this case until November 19, 2019. When it filed schedules, the Debtor listed no interest in the *Fitzgerald* funds as a potential asset, though Mr.

9

Manookian was aware that those funds were in dispute. The schedules also listed no cause of action again me as receiver, listed no debt to Afsoon Hagh or Hagh Law, PLLC, and did not list Ms. Hagh or her firm as a creditor of the estate.

Shortly after the filing of this case, the Trustee asked me to serve as special counsel in this case. In addition to the fact that my firm and I routinely represent Chapter 7 trustees in this district, the Trustee specifically indicated that she felt that the knowledge I had gained during my time as receiver would be invaluable to her in collecting the accounts receivable of the estate. Before agreeing to serve as special counsel, I spent considerable time considering possible conflicts, and discussing the same with the Trustee and the United States Trustee's office. After considering all issues and gathering input from these sources, I determined that there would be no conflict in me serving as special counsel in this case. In furtherance of this, I filed the Employment App on November 18, 2019. On December 9, 2019, Brian Manookian, the former principal of the Debtor, filed an objection to the Employment App. The basis for his objection was that Thompson Burton PLLC and I were going to be sued by his wife, Afsoon Hagh and/or Hagh Law PLLC for actions I took as receiver. He alleged that this would create a conflict between the Debtor and I and would disqualify me from serving as special counsel. Other than general threats of litigation (which Mr. Manookian made rather frequently), this was the first I learned that Ms. Hagh and/or her law firm alleged a cause of action against my law firm or me.

On the morning of December 16, 2019 (the day before the hearing on the Employment App), I received a letter by facsimile that purported to be from Afsoon Hagh. In the letter, Ms. Hagh threatened to sue me, Thompson Burton PLLC and/or the Debtor for my actions as receiver; more specifically, she alleged that I recorded "bogus attorney liens" in cases in which she said Cummings Manookian PLC had no interest. The letter said that she would be filing a

lawsuit on December 20, 2019. Later that day, Mr. Manookian sent an email to both the Trustee and I demanding that we indemnify him, as principal of the Debtor, against claims of Afsoon Hagh and/or Hagh Law PLLC. I did not respond to these communications except to the extent that I did so at the hearing in this Court on December 17, 2019.

On December 19, 2019, at 1:32 p.m., Hagh Law PLLC (through Afsoon Hagh as counsel) filed a suit against the Debtor, Hammervold PLC and me in the Davidson County Circuit Court. Ms. Hagh did not seek relief from the automatic stay prior to filing this complaint. A copy of this complaint is attached to the Trustee's response to Mr. Manookian's Supplemental Reply Brief, and can be found at Docket No. 19. Brian Manookian filed a Supplemental Reply with this Court on the same day, at 2:09 p.m., informing the Court of the filing of the complaint against me. The complaint alleges that, as receiver, I had no basis in law or in fact for recording an attorneys' lien in the *Carla Miller v. Vanderbilt University Medical Center* case. The complaint seeks declaratory relief against the Debtor, Hammervold PLC and me, and asks the state court to determine that the fees in the *Miller* case are owed to Hagh Law PLLC, and not the Debtor. The complaint also vaguely requests damages in an unknown amount, for unstated injuries, from unspecified defendants.

This newly-filed lawsuit does not create an adverse interest to the estate for Thompson Burton PLLC or me, as it is not related to my employment to collect fees owed to the Debtor. While the *Miller* case is one in which the Trustee intends to collect fees, my past actions as receiver have no bearing on the collection of attorneys' fees through an adversary proceeding. Moreover, the complaint does not state a claim against the Debtor for which relief can be granted: the complaint is voidable because it violates the automatic stay and it does not allege any facts that, even if proven true, would show how my actions as receiver for collection of

11

choses in action might impugn the Debtor.  Finally, I believe the complaint is frivolous and violates numerous provisions of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Professional Conduct.  For example, while Ms. Hagh alleges that I had no basis in law or in fact for recording an attorneys' lien in the *Miller* case, Cummings Manookian PLC was a party to a signed engagement letter with the *Miller* plaintiff.  I am in possession of an engagement letter dated April 3, 2018, between Cummings Manookian PLC (signed by Brian Cummings) and Carla Miller.[4]  Despite these shortcomings, neither Thompson Burton PLLC nor I will represent the Trustee in any action related to the *Hagh Law PLLC v. Young* matter, including removal of that matter or a motion for sanctions for violation of the automatic stay.

Finally, although Brian Manookian does not raise it in his objection, I will note for the Court that I have no pre-petition claim against this estate.  Because I was appointed by the Court not as receiver of Cummings Manookian PLC, but rather as an independent receiver to collect choses in action, I have no right to receive compensation from Cummings Manookian PLC apart from any funds that were levied prior to the bankruptcy filing and outside the ninety day preference window.  For avoidance of doubt, to the extent that I or Thompson Burton PLLC would otherwise be entitled to any general unsecured claim against the estate for fees incurred during the receivership, we hereby waive and disclaim the same.

December 21, 2019

*/s/ Phillip G. Young, Jr.*
Phillip G. Young

---

[4] I will file the Miller engagement letter with the Court under seal, upon request of the Court.  I am reluctant to file the engagement letter in this matter, since it is not directly relevant to the Court's consideration of the Employment App and since the engagement letter *may* include confidential information.  Both the Trustee and I reserve all rights to produce the letter at a later date and nothing herein shall be an admission that the engagement letter is protected.

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding Supplement was electronically filed and served via the Court's ECF system this 21st day of December, 2019, and was served by United States mail on the following parties on the 23rd day of December, 2019:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
ATTN: Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615-678-6960
Jeanne.burton@comcast.net

13