## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC** | ) | **Case No: 319-07235-CW-7** |
| | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362(A)

Comes now, Jeanne Ann Burton, Chapter 7 Trustee, and moves this Honorable Court to hold Afsoon Hagh and Hagh Law, PLLC in contempt of this Court for willful violation of the automatic stay provisions of 11 U.S.C. §362(a), and in support thereof, states as follows:

On November 6, 2019, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Jeanne Ann Burton was appointed as the Chapter 7 Trustee (the "Trustee").

On December 19, 2019, Hagh Law PLLC filed a complaint in the Circuit Court for Davidson County, Tennessee, Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC, Docket # 19C2966 (The "Complaint") , a copy of which is attached as Exhibit A. The Complaint seeks damages and declaratory relief regarding a pre-petition state court action.

Prior to December 19, 2019, Afsoon Hagh and Hagh Law PLLC were aware of the bankruptcy filing. One example of this knowledge was the Reply of Hagh Law PLLC in opposition to a motion filed in state court, a copy of which is attached as Exhibit B, signed by Afsoon Hagh which specifically states that Cummings Manookian, PLLC filed a Chapter 7 bankruptcy petition on November 6, 2019. The Reply is signed by Afsoon Hagh and is dated December 5, 2019. The Reply was emailed by Afsoon Hagh to the Administrative Assistant of the Judge, Davd Allen.

On January 2, 2020, Trustee sent a letter by certified mail to Afsoon Hagh, a copy of which is attached as Exhibit C, requesting that the case against the Debtor be dismissed. To date, the certified mail receipt has not been returned signed, but certified mail tracking shows the certified mail was left with an individual at the mailing address on January, 9, 2020. The letter sent by regular U.S. mail has not been returned. As of January 30, 2020, Afsoon Hagh and Hagh Law PLLC have taken no action to dismiss the complaint against the Debtor.

**BASED ON THE FOREGOING,** the Trustee prays that Afsoon Hagh and Hagh Law PLLC be held in willful violation of the automatic stay provisions of 11 U.S.C. § 362(a), be required to pay all damages incurred by the Trustee for the Debtor; be assessed with punitive damages for willfull violation of the automatic stay; and that the Trustee have such other and further relief as is just and proper.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN  37215
Telephone:  615.678.6960
Jeanne.burton@comcast.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the Court's ECF system to the US Trustee this 31st day of January, 2020, and was served by United States mail on the following parties:
Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN  37203

Hagh Law PLLC
Attn:  Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN  37203

John Spragens, Esq.
Attorney for Hagh Law, PLLC and Afsoon Hagh
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN  37203

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **HAGH LAW PLLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.**_____ |
| **v.** | ) | |
| | ) | |
| **PHILLIP YOUNG, CUMMINGS** | ) | |
| **MANOOKIAN PLC, HAMMERVOLD** | ) | |
| **PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

---

The Plaintiff for its causes of action respectfully states to the Court the following:

**I.**                **PARTIES, VENUE, AND JURISDICTION**

1.    Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2.    Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3.    Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4.    Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

*Ex. A*

1

5.      This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6.      Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101. This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

**II.**                                    **FACTUAL ALLEGATIONS**

7.      Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8.      On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9.      On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10.     Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11.     Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

2

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12. The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

**III.**              **COUNT ONE – DECLARATORY JUDGMENT**

13. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

3

18.     There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

### RELIEF REQUESTED

**WHEREFORE,** the Plaintiff requests the following:

1.     That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2.     That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3.     That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4.     That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5.     That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6.     That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

4

Respectfully Submitted,

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| D.F. CHASE, INC. et al., | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )    NO. 2019-221 |
| | ) |
| CUMMINGS MANOOKIAN PLC, et al., | ) |
| | ) |
| | ) |
|      Defendants. | ) |

---

## NON-PARTY HAGH LAW'S REPLY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/ OR TEMPORARY INJUNCTION

---

## INTRODUCTION

Comes now, Non-Party Hagh Law and responds to Receiver Phillip Young's (the "CM Receiver") *ex parte* Motion for Temporary Restraining Order and Temporary Injunction seeking to indefinitely "freeze" $760,000 in funds earned by Hagh Law. That request should be denied on both procedural and substantive grounds.

Procedurally, Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019 prior to the CM Receiver seeking this present extraordinary relief. That bankruptcy filing both (a) automatically stayed any collection attempts and, importantly, (b) deprived the CM Receiver any standing or authority to act on behalf of Cummings Manookian or seek any relief for Cummings Manookian. As the CM Receiver himself acknowledges in his motion, any dispute wherein Cummings Manookian asserts rights to any property must be brought in the United States Bankruptcy Court for the Middle District of Tennessee by

1

Ex B

the Chapter 7 Trustee. That is now the sole appropriate forum for this dispute, and it is fully open to the parties in this matter for adjudication of any dispute involving property alleged to belong to Cummings Manookian.

Substantively, the CM Receiver seeks to "freeze" an astounding amount of money earned by a totally separate law firm, despite the fact that neither Cummings Manookian, the CM Receiver, or the Chapter 7 Trustee has, to date, ever actually made any claim to those funds. Nor could they. Under the terms of Cummings Manookian's engagement with the Fitzgeralds, Cummings Manookian is simply not entitled to any payment of an attorney fee because Cummings Manookian unilaterally terminated the engagement.

As a result, the CM Receiver has no likelihood of success on the merits; and, in fact, has taken no steps to actually initiate any litigation on which it could succeed on the merits. That fact alone is determinative in denying his request for an indefinite "freeze" of $760,000.00. Moreover, the CM Receiver cannot establish the requisite immediate and irreparable harm as its purported harm is fully compensable by money damages; which, as a matter of law, is not "irreparable." This fact is, as well, dispositive.

## FACTS

### I. The Fitzgerald Matter.

Cummings Manookian was a Tennessee law firm founded by Brian Cummings and Brian Manookian in January of 2015 for the purpose of practicing plaintiff's law.[1] In May of 2018, Cummings Manookian was retained to represent the family of a deceased

---

[1] Declaration of Brian Manookian at Para. 2.

2

seventeen-year-old daughter whose death arose out of a motor vehicle accident.[2] The Cummings Manookian engagement agreement with the Fitzgerald contained specific terms regarding the parties rights and responsibilities relative to a termination of their relationship.[3]

In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.[4]

<u>Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.</u>[5]

On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian.[6] On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.[7]

On September 21, 2018, Brian Manookian was temporarily suspended from the practice of law with an effective date of December 7, 2018.[8] Pursuant to applicable Rules

---

[2] Declaration of Brian Manookian at Para. 3.
[3] Declaration of Brian Manookian at Para. 4
[4] *Id.*
[5] *Id.*
[6] Declaration of Brian Manookian at Para. 5.
[7] *Id.*
[8] Declaration of Brian Manookian at Para. 6.

3

of Professional Conduct, on October 11, 2018, Mr. Manookian moved to withdraw as counsel in the Fitzgerald matter.[9]

On December 7, 2018, Brian Manookian gave written notice to the Fitzgeralds of his withdrawal and the withdrawal of Cummings Manookian as their counsel, and requested in writing that they obtain another firm or attorney to represent them.[10] Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which were estimated to be less than three thousand dollars ($3,000).[11]

Because Brian Cummings had left the firm, and Mr. Manookian was suspended from the practice Brian Manookian of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to other firms and attorneys capable of handling those specific matters.[12] A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field.[13]

The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case.[14] Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.[15] Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.[16]

---

[9] *Id.*
[10] Declaration of Brian Manookian at Para. 7.
[11] *Id.*
[12] Declaration of Brian Manookian at Para. 8.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Declaration of Brian Manookian at Para. 9.

4

In connection with this action, Brian Manookian informed Receiver Phillip Young no later than August 27, 2019, that Cummings Manookian may be entitled to reimbursement of advanced expenses and costs in the Fitzgerald case, but that it was not entitled to any portion of an attorney's fee award.[17]

On September 17, 2019, Brian Manookian met with Receiver Phillip Young and provided him with the engagement agreement as well as notice of termination in the Fitzgerald Case.[18] Mr. Young had actual knowledge by September 17, 2019 that the engagement agreement provided that Cummings Manookian would only be entitled to reimbursement of advanced expenses in the event that Cummings Manookian terminated its representation.[19] Likewise, Mr. Young had actual knowledge that Cummings Manookian had terminated its representation of the Fitzgeralds.[20] Mr. Young omitted those facts from his *ex parte* Motion for Temporary Restraining Order.

## II. Cummings Manookian's Filing of Bankruptcy.

On November 6, 2019, Cummings Manookian filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee.[21] As a result of that filing a Chapter 7 Trustee was appointed to handle Cummings Manookian's affairs and collections and other actions against Cummings Manookian were automatically stayed.[22]

---

[17] Declaration of Brian Manookian at Para. 10.
[18] Declaration of Brian Manookian at Para. 11.
[19] *Id.*
[20] *Id.*
[21] Declaration of Brian Manookian at Para. 12.
[22] *Id.*

5

## ARGUMENT

I.  **These proceedings are subject to the automatic stay entered by the United States Bankruptcy Court for the Middle District of Tennessee, and that is the appropriate forum for adjudicating any dispute.**

Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019. As a consequence, all matters and disputes regarding any property that purportedly belongs to Cummings Manookian or is owed to Cummings Manookian must be adjudicated in that forum. The CM Receiver acknowledges that fact both in his request for issuance of an injunction (which was filed after institution of the bankruptcy proceeding), and in his application to serve as special counsel in the bankruptcy proceeding itself.[23]

If Cummings Manookian seeks to enjoin any activity it must do so through an adversary proceeding in the United State Bankruptcy Court through the Chapter 7 Trustee. Nothing prevents Cummings Manookian from seeking such an injunction in the appropriate forum and through its appropriate representative.

II.  **The Receiver lacks standing or authority to seek relief on behalf of Cummings Manookian following appointment of the Chapter 7 Trustee.**

As a result of the bankruptcy filing, a Chapter 7 Trustee has been appointed to oversee and administer the assets and debts of Cummings Manookian. That individual is solely vested with the power of determining whether Cummings Manookian is owed money, by whom, and in what fashion such funds should be pursued. As a result, the CM Receiver has no standing or authority to pursue an injunction on behalf of Cummings

---

[23] ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...") Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle Distrct of Tennessee, Case No: 3:19-bk-07235.

6

Manookian. Any such request must come from the Chapter 7 Trustee, and in the forum of the United States Bankruptcy Court. The CM Receiver has acknowledged the same in filings with the Bankruptcy Court himself. ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...").[24]

### III. In any event, Cummings Manookian is not entitled to any portion of the fee earned by Hagh Law.

As laid out in the facts section above and the Declaration of Brian Manookian, Cummings Manookian is simply not entitled to any portion of the Fitzgerald attorney's fee. Cummings Manookian failed to perform under the terms of the Engagement Agreement when one of its partners left the firm and the other was involuntarily suspended from the practice of law. As a result, Cummings Manookian unilaterally terminated the Engagement Agreement. Pursuant to the very terms of the Engagement Agreement, Cummings Manookian is only entitled to reimbursement of advanced expenses, which are estimated to be less than three thousand dollars ($3,000.00).

### IV. Cummings Manookian, to date, has never presented any claim alleging that it is entitled to any portion of the fee earned by Hagh Law.

Despite seeking to freeze $760,000 in funds owned by Hagh Law, neither the CM Receiver, Cummings Manookian, nor the Chapter 7 Trustee has ever made any claim to any portion of the Fitzgerald attorney's fee. The reason for that fact is self-evident.

---

[24] Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle District of Tennessee, Case No: 3:19-bk-07235.

7

Cummings Manookian is not entitled to any portion of a fee under the express language of its Engagement Agreement and Notice of Withdrawal. Rather, Cummings Manookian is likely entitled to some reimbursement of advanced costs and expenses; the amount of which represents less than one half of one percent of the funds the CM Receiver seeks to indefinitely encumber.

**V.     Even if Cummings Manookian was entitled to any payment of attorney's fees such payment would not approach the amount the Receiver seeks to encumber.**

Cummins Manookian never received any offers of settlement during the time it worked on the Fitzgerald matter, and it did not secure any recovery for the Fitzgeralds either by way of settlement or jury verdict.[25] Prior to Cummings Manookian terminating its representation of the Fitzgeralds, Brian Manookian was the only attorney actively working on the case.[26] Mr. Manookian spent no more than 160 hours working on the Fitzgerald matter prior to Cummings Manookian's withdrawal.[27]

Mr. Manookian is a 2007 graduate of Vanderbilt University School of Law where he served on Law Review.[28] He specializes in plaintiff's cases and has enjoyed success in doing so.[29] By May or 2018, Mr. Manookian had personally recovered tens of millions of dollars as lead counsel on behalf on injured plaintiffs in Tennessee, including millions of dollars for victims of motor vehicle accidents.[30] Based on his education, skill, and

---

[25] Declaration of Brian Manookian at Para. 13.
[26] Declaration of Brian Manookian at Para. 14.
[27] Declaration of Brian Manookian at Para. 15.
[28] Declaration of Brian Manookian at Para. 16.
[29] *Id.*
[30] *Id.*

8

experience, Mr. Manookian believes a reasonable rate for his time would be $300 per hour.[31]

Thus, even if Cummings Manookian ever does make a formal claim to any portion of the fee in the Fitzgerald Case, that fee would be subject to the limited number of hours invested and the lack of results obtained. For example, if Cummings Manookian were compensated for Mr. Manookian's time at a rate of $300 per hour, the fee would be less than $50,000. Thus, the amount of money the CM Receiver seeks to encumber lacks not only any rational relationship to the contractual provisions of the Engagement Agreement but also to the actual work done by Cummings Manookian.

## VI. The CM Receiver has failed to demonstrate the necessary elements for issuance of an injunction.

The CM Receiver completely ignores the requirement of demonstrating a likelihood of success on the merits in terms of actually demonstrating Cummings Manookian's right to any portion of the attorney's fee. Rather, he simply argues that the Court previously ordered the funds deposited with the Clerk of Court.[32] But the underlying merits for which success must be demonstrated are whether Cummings Manookian is even entitled to any portion of the Fitzgerald fee. Because it indisputably and objectively is not, the CM Receiver cannot meet its burden.

---

[31] *Id.*
[32] After receiving a copy of the signed order directing the funds to be deposited with the Clerk, Hagh Law attempted to have cashier's checks issued accomplishing the same, but the CM Receiver had, at that point, served upon the bank an Order freezing the funds which prevented Hagh Law from doing so.

In addition to a likelihood of success on the merits, a moving party <u>must demonstrate</u> <u>that it will suffer irreparable harm in the absence of an injunction</u>. Specifically, "a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *See also Murfreesboro Medical Clinic, P.A. v. Udom*, 2004 WL 193049, at *2 (Tenn. Ct. App. 2004) (reversed on other grounds) (internal citations omitted).

The CM Receiver's request is, by definition, fully compensable by monetary damages. As a result, it simply is not subject to an award of extraordinary relief. If Cummings Manookian – through the Chapter 7 Trustee – ultimately makes a claim to some portion of the Fitzgerald attorney's fee, any compensation will be by award of money damages. The CM Receiver's request is not the type for which preliminary injunctive relief is available. Rather it is akin to a personal injury plaintiff requesting that a defendant's assets be frozen not only prior to any damages being awarded, but prior to any suit being filed.

**IX.     Less drastic means exist to accomplish the same result.**

Hagh Law desires to work through any issues regarding Cummings Manookian's potential future claims to any portion of the Fitzgerald fee. To that end, Hagh Law previously agreed to embargo $760,000 while the CM Receiver investigated the facts and circumstances of Cummings Manookian's termination of its representation of the Fitzgerald. Hagh Law did so in order to preserve the settlement in that case and to permit

10

all parties to reasonably assure themselves that Cummings Manookian was not entitled to a fee.

The amount of $760,000 was apparently selected because that was the amount of a sanctions judgment previously awarded against Cummings Manookian; not because it represents any estimate of funds owed Cummings Manookian or compensation for work performed by Cummings Manookian. Hagh Law was not involved in the underlying sanctions judgment, nor did it participate in any way in that case. Hagh Law objects to the indefinite freeze of funds that it earned in representation of a client with no end date or action even initiated by Cummings Manookian.

Hagh Law maintains that the CM Receiver's request for an injunction must be denied for all of the reasons stated above. However, to the extent this Court entertains the CM Receiver's request – now that a bankruptcy proceeding is pending – Hagh Law maintains that a significantly reduced amount of funds (representing the actual estimate of work done by Cummings Manookian) should be held in trust for a period of no more than thirty days to allow the Chapter 7 Trustee to pursue whatever remedies – including injunctive relief – it chooses within the bankruptcy proceeding.

## CONCLUSION

For all of the above reasons, the CM Receiver's Request should be denied. To the extent not denied, the Court should order less than $100,000.00 be frozen in Hagh Law's trust account for thirty (30) days in order for the Chapter 7 Trustee to take whatever action she deems fit.

11

Respectfully submitted,

**John Spragens, No. 31445**
Spragens Law PLC
1200 16th Ave. S.
Nashville, TN 37212
T: (615) 983-8900
F: (615) 682-8533

**Afsoon Hagh, No. 28393**
Hagh Law
47 Music Square West
Nashville, TN 37203

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, a true and correct copy of this document was provided, via facsimile, to the following:

Daniel Puryear, Esq.

Greg Oakley, Esq.

Phillip Young, Esq.

Afsoon Hagh

12

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| D.F. CHASE, INC. et al.,      ) | |
|         ) | |
|      Plaintiff,      ) | |
|         ) | |
| v.         ) | NO. 2019-221 |
|         ) | |
| CUMMINGS MANOOKIAN PLC,      ) | |
| et al.,      ) | |
|         ) | |
|      Defendants.      ) | |

---

## DECLARATION OF BRIAN MANOOKIAN

---

Pursuant to Tennessee Rule of Civil Procedure, Brian Manookian declares as follows.

1.    I am an adult over the age of eighteen and am competent to make this declaration. I have personal knowledge of the matters stated herein.

2.    In January of 2015, I formed the law firm Cummings Manookian with Brian Cummings. The firm consisted of two lawyers – Brian Manookian and Brian Cummings – who served as partners in the firm. Cummings Manookian focused on plaintiff's side law with a particular specialty in medical malpractice cases.

3.    In May of 2018, I was asked by Marty and Melissa Fitzgerald to represent them in a case involving the death of their seventeen-year-old daughter in a motor vehicle accident. I agreed to do so, and they entered into a standard Cummings Manookian engagement agreement retaining me as their lawyer.

4.    The engagement agreement provided that both the client and Cummings Manookian had the right to terminate their relationship.

1

a. In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.

b. Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.

5.    On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian. On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.

6.    On September 21, 2018, I was temporarily suspended from the practice of law with an effective date of December 7, 2018. Pursuant to applicable Rules of Professional Conduct, on October 11, 2018, I moved to withdraw as counsel in the Fitzgerald matter.

7.    On December 7, 2018, I gave written notice to the Fitzgeralds of my withdrawal and the withdrawal of Cummings Manookian as their counsel, and to request in writing that they obtain another firm or attorney to represent them. Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which I estimated to be less than three thousand dollars ($3,000).

8.    Because Brian Cummings had left the firm, and I was suspended from the practice of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to

2

other firms and attorneys capable of handling those specific matters. A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field. The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case. Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.

9.      Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.

10.     I informed Receiver Phillip Young no later than August 27, 2019, that Cummings Manookian may be entitled to reimbursement of advanced expenses and costs in the Fitzgerald case but that it was not entitled to any portion of an attorney's fee award.

11.     On September 17, 2019, I met with Receiver Phillip Young and provided him with the engagement agreement as well as notice of termination in the Fitzgerald Case. Mr. Young had actual knowledge by September 17, 2019 that the engagement agreement provided that Cummings Manookian would only be entitled to reimbursement of advanced expenses in the event that Cummings Manookian terminated its representation. Likewise, Mr. Young had actual knowledge that Cummings Manookian had terminated its representation of the Fitzgeralds.

12.     On November 6, 2019, Cummings Manookian filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee. As a result of that filing a Chapter 7 Trustee was appointed to handle Cummings Manookian's affairs and collections and other actions against Cummings Manookian were automatically stayed.

13.     At no time during Cummings Manookian's representation of the Fitzgeralds was an offer to settle the matter received. Cummings Manookian did not effectuate any settlement of the case or the payment of monies to the Fitzgeralds.

3

14.     Between May 2018 when the Fitzgeralds retained Cummings Manookian and December 2018 when Cummings Manookian terminated the relationship, I was the sole attorney actively working on the case. Brian Cummings did not participate in any way in the case.

15.     I spent no more than 160 hours working on the Fitzgerald case during the time that they were represented by Cummings Manookian. While Cummings Manookian is not entitled to any portion of an attorney's fee award in that matter, if the Court were to require payment to Cummings Manookian, I believe a reasonable rate for my time would be $300 per hour.

16.     I believe $300 per hour is a fair rate for my time based upon my education, skill, and experience. I am a 2007 graduate of Vanderbilt Law School where I served on Law Review. I specialize in plaintiff's cases. By May of 2018, I had personally recovered tens of millions of dollars as lead counsel on behalf of injured plaintiffs in Tennessee, including millions of dollars for victims of motor vehicle accidents.

17.     Cummings Manookian has no agreement or contract with Hagh Law requiring that Hagh Law pay any portion of any attorney's fee in the Fitzgerald matter to Cummings Manookian.

I declare under penalty of perjury the foregoing is true and correct.

Brian Manookian          December 4, 2019

4

LAW OFFICE

## JEANNE ANN BURTON, PLLC

4117 HILLSBORO PIKE, SUITE 103-116

NASHVILLE, TENNESSEE 37215

JEANNE ANN BURTON
EMAIL: jeanne.burton@comcast.net

TELEPHONE  (615) 678-6960

January 2, 2020

**<u>Certified Mail and U.S. Mail</u>**

Afsoon Hagh, Esq.
Hagh Law PLLC
45 Music Square West
Nashville, TN 37203

RE: Cummings Manookian, PLLC
Bankruptcy Case No: 319-07235-CW-7

Dear Ms. Hagh,

I am the Chapter 7 Trustee in the Bankruptcy case referenced above, filed on November 6, 2019. I am aware of the complaint for damages and declaratory relief you filed on December 19, 2019 in the Davidson County Circuit Court (Case No. 19C2966). Please see the attached Suggestion of Bankruptcy to be filed in the case.

I know you were aware of the bankruptcy filing prior to filing the above referenced complaint since John Spragens represented Hagh Law in a hearing before Judge David Allen on December 10, 2019.

I request that you promptly dismiss the case against the Debtor, with prejudice, and provide me with notice of same.

Sincerely,

Jeanne Ann Burton, Trustee

enc.

Ex C

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| HAGH LAW PLLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 19C2966 |
| | ) |
| PHILLIP YOUNG, CUMMINGS | ) |
| MANOOKIAN PLC, HAMMERVOLD | ) |
| PLC, | ) |
| | ) |
| | ) |
|     Defendants, | ) |
| | ) |

## SUGGESTION OF BANKRUPTCY AS TO
## DEFENDANT CUMMINGS MANOOKIAN, PLLC

Comes now Jeanne Ann Burton, Chapter 7 Trustee of Cummings Manookian, PLLC (the "Trustee"), and hereby notifies this Court and all parties that Cummings Manookian, PLLC filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-07235, on November 6, 2019, prior to the filing of the Complaint on December 19, 2019. Trustee respectfully submits this post-petition action is stayed as to Cummings Manookian, PLLC, pursuant to 11 U.S.C. §362 unless and until ordered otherwise by the Bankruptcy Court.

This document is being filed for informational purposes only, and does not constitute a notice of appearance by the Trustee.

Upon information and belief, Cummings Manookian, PLLC and Cummings Manookian PLC are one and the same entity.

Respectfully submitted,

Jeanne Ann Burton, Trustee
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615.678.6960

## CERTIFICATE OF SERVICE

I hereby certify that, on _Jan. 2, 2020_, a true and exact copy of the foregoing was served via the Court's electronic case filing system and/or U. S. Mail, postage prepaid, to:

Afsoon Hagh, Esq.
Hagh Law PLLC
45 Music Square West
Nashville, TN 37203

Mark Hammervold, Esq.
Hammervold PLC
1758 N. Artesian Ave.
Chicago, IL 60647-5311

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste. 200
Franklin, TN 37067

Jeanne Ann Burton, Trustee