IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: May 18, 2020**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: May 26, 2020 at 10:00 a.m., in Courtroom Two, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee.**

NOTICE OF TRUSTEE'S MOTION TO APPROVE
FEE AND EXPENSE DIVISION AMONG DEBTOR AND CUMMINGS LAW LLC

      Phillip G. Young, Jr., Counsel for the Trustee, has asked the court for the following relief: approval of fee and expense division among Debtor and Cummings Law LLC.

      **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before May 13, 2020, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT:** https://ecf.tnmb.uscourts.gov.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. Your response must state that the deadline for filing responses is May 18, 2020, the date of the scheduled hearing is May 26, 2020, and the motion to which you are responding is the Trustee's Motion to Approve Fee and Expense Division Among Debtor and Cummings Law LLC.

3. You must serve your response or objection by electronic service through the Electronic Filing system described above. You must also mail a copy of your response or objection to:

| Jeanne Ann Burton, Trustee | United States Trustee | Phillip G. Young, Jr. |
| Jeanne Ann Burton, PLLC | 701 Broadway, Customs House | Thompson Burton PLLC |
| 4117 Hillsboro Pk Ste 103-116 | Suite 318 | One Franklin Park |
| Nashville, TN 37215 | Nashville, TN 37203 | 6100 Tower Cir., Ste 200 |
| | | Franklin, TN 37067 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at https://ecf.tnmb.uscourts.gov.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: April 27, 2020

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
| Debtor. ) | Chapter 7 |
| ) | Judge Walker |

## TRUSTEE'S MOTION TO APPROVE
## FEE AND EXPENSE DIVISION AMONG DEBTOR AND CUMMINGS LAW LLC

Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving the division of attorneys' fees and expenses in certain cases among the Debtor and Cummings Law LLC. In support of this Motion, the Trustee respectfully represents as follows:

### BACKGROUND

1. On November 6, 2019 (the "Petition Date"), Cummings Manookian, PLC (the "Debtor") filed a voluntary Chapter 7 petition. Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee on the same day.

2. The Debtor was a law firm founded by attorneys Brian Cummings ("Cummings") and Brian Manookian ("Manookian") in 2015. The Debtor specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Cummings withdrew as a member of the Debtor and subsequently formed his own law firm, Cummings Law LLC ("Cummings Law"). After Cummings' withdrawal from the Debtor, Cummings Law continued handling certain cases that were opened while Cummings was a member of the Debtor.

3. Cummings asserts that, on the date of Cummings' exit from the Debtor, the Debtor's operations were governed by an "Amended and Restated Amended Operating Agreement

of Cummings Manookian, P.L.C." dated January 30, 2017 (the "Operating Agreement"). Section 10.7 of the Operating Agreement, entitled "Additional Payments to Withdrawing Member," addresses how fees and other payments will be made to a member who has withdrawn from the Debtor. It references an "Exhibit B" with regard to how "pending matters" will be divided between the Debtor and the withdrawing member. Exhibit B of the Operating Agreement contains the following relevant provisions:

1. Upon a Member's Withdrawal, a client may direct that the Company retain a Case in Progress or that the Case in Progress transfer to the withdrawing Member. In such instance, the Company or a withdrawing Member that takes a Case in Progress shall be the "Managing Party" and the Company or withdrawing Member (or such Member's estate, guardian or conservator, as the case may be) that does not take a Case in Progress shall be the "Other Party."
2. The Other Party will be entitled to receive any amount that is actually received by the Managing Party (either alone or with others) after the date of the Withdrawal with respect to a Case in Progress as follows: a) 50% of the pre-Withdrawal expenses incurred by the Company that are recouped, plus b) an amount equal to the Net Fee times a fraction of the denominator of which would be the total number of months during the period commencing the day the Company first opening the Case in Progress and ending the day of receipt of fees concluding the case, and the numerator of which would be the total number of months during the period commencing the day the Company first opened the Case in Progress and ending the date of the Withdrawal.

4.  Applying these provisions of the Operating Agreement is much simpler than it first appears. Using a hypothetical situation, if Cummings Law assumed responsibility, in September 2018, for a matter that originated with the Debtor in January 2018 and settled in October 2018, and producing $10,000 in attorneys' fees, then the Debtor would be entitled to $9,000 (because the case was with the Debtor for 9/10 months that the case was active) and Cummings Law would be entitled to $1,000 (because the case was with Cummings Law for 1/10 months that the case was active). Cummings Law would also be entitled to 100% of the expenses it incurred in the case, while the Debtor and Cummings Law would split reimbursement of any expenses incurred prior to Cummings' exit from the Debtor.

5. Several cases that originated with the Debtor were transferred to Cummings upon his exit from the Debtor. The division of attorneys' fees and expenses to be paid out of a settlement in these cases will be subject to the Operating Agreement. Rather than coming before the Court each time such a case settles and there is a division of fees and expenses, the Trustee seeks approval to accept fees and expenses from the settlement of all such cases pursuant to the terms of the Operating Agreement.

6. By this Motion, the Trustee seeks Court approval for division of fees and expenses in cases that originated with the Debtor, but transferred to Cummings Law upon Cummings' exit from the Debtor, according to the formula established in the Operating Agreement. While the Trustee might not be required to seek approval to simply enforce and abide by the terms of a valid operating agreement, she seeks Court approval of this fee sharing arrangement out of an abundance of caution. The Trustee wants it to be clear to all parties, including the creditors and interested parties of the Debtor, Cummings, and defense counsel, how fees and expenses will be divided between Cummings Law and the Debtor. The Trustee will maintain a copy of the settlement statement for each case in the case financial file.

7. It is the Trustee's opinion that approval of the division of attorneys' fees and expenses pursuant to the terms of the Operating Agreement is appropriate and is in the best interest of the estate. Further, it is the Trustee's opinion that this division of attorneys' fees and expenses is more beneficial to the creditors than incurring the costs of challenging the clear language of the Operating Agreement, especially since any such challenge is unlikely to be successful.

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 27th day of April, 2020, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.

# PROPOSED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

## ORDER APPROVING FEE AND EXPENSE
## DIVISION AMONG DEBTOR AND CUMMINGS LAW LLC

This matter having come before the Court on the motion (the "Motion") filed by Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the division of attorneys' fees and expenses between the Debtor and Cummings Law LLC ("Cummings Law") on all cases that originated with the Debtor but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor pursuant to the terms of the Operating Agreement described in the Motion; and no timely responses having been filed to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.  The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

B.  The Amended and Restated Amended Operating Agreement of Cummings Manookian, P.L.C. dated January 30, 2017 (the "Operating Agreement") governs the division of attorneys' fees and expenses between the Debtor and Cummings Law for all cases that originated with the Debtor but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is granted.

2.  For all cases that originated with the Debtor, but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor, the division of attorneys' fees and expenses will be divided according to the formula in Exhibit B of the Operating Agreement, which provides:

> Upon a Member's Withdrawal, a client may direct that the Company retain a Case in Progress or that the Case in Progress transfer to the withdrawing Member. In such instance, the Company or a withdrawing Member that takes a Case in Progress shall be the "Managing Party" and the Company or withdrawing Member (or such Member's estate, guardian or conservator, as the case may be) that does not take a Case in Progress shall be the "Other Party."
> The Other Party will be entitled to receive any amount that is actually received by the Managing Party (either alone or with others) after the date of the Withdrawal with respect to a Case in Progress as follows: a) 50% of the pre-Withdrawal expenses incurred by the Company that are recouped, plus b) an amount equal to the Net Fee times a fraction of the denominator of which would be the total number of months during the period commencing the day the Company first opening the Case in Progress and ending the day of receipt of fees concluding the case, and the numerator of which would be the total number of months during the period commencing the day the Company first opened the Case in Progress and ending the date of the Withdrawal.

3.  The Trustee shall maintain a copy of the settlement statement for each case in the

case financial file.

4.    The Court will retain jurisdiction to adjudicate any disputes that may arise under this order or the division of fees and expenses among the Debtor and Cummings Law, and the Court will retain jurisdiction to enforce the terms of this order.

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*