IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
| Debtor. | ) Chapter 7 |
| | ) Judge Walker |

## ORDER APPROVING FEE AND EXPENSE DIVISION AMONG DEBTOR AND CUMMINGS LAW LLC

This matter having come before the Court on the motion (the "Motion") filed by Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the division of attorneys' fees and expenses between the Debtor and Cummings Law LLC ("Cummings Law") on all cases that originated with the Debtor but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor pursuant to the terms of the Operating Agreement described in the Motion; and Grant, Konvalinka & Harrison, P.C., a creditor herein, having filed an objection to the Motion (the "Objection") (Doc. 77); and the Objection having been withdrawn by the objecting creditor; and no other party having timely filed an objection; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

B. The Amended and Restated Amended Operating Agreement of Cummings Manookian, P.L.C. dated January 30, 2017 (the "Operating Agreement") governs the division of attorneys' fees and expenses between the Debtor and Cummings Law for all cases that originated with the Debtor but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. For all cases that originated with the Debtor, but were transferred to Cummings Law upon the exit of Brian Cummings from membership of the Debtor, the division of attorneys' fees and expenses will be divided according to the formula in Exhibit B of the Operating Agreement, which provides:

> Upon a Member's Withdrawal, a client may direct that the Company retain a Case in Progress or that the Case in Progress transfer to the withdrawing Member. In such instance, the Company or a withdrawing Member that takes a Case in Progress shall be the "Managing Party" and the Company or withdrawing Member (or such Member's estate, guardian or conservator, as the case may be) that does not take a Case in Progress shall be the "Other Party." The Other Party will be entitled to receive any amount that is actually received by the Managing Party (either alone or with others) after the date of the Withdrawal with respect to a Case in Progress as follows: a) 50% of the pre-Withdrawal expenses incurred by the Company that are recouped, plus b) an amount equal to the Net Fee times a fraction of the denominator of which would be the total number of months during the period commencing the day the Company first opening the Case in Progress and ending the day of receipt of fees concluding the case, and the numerator of which would be the total number of months during the period commencing the day the Company first opened the Case in Progress and ending the date of the Withdrawal.

3. The Trustee shall maintain a copy of the settlement statement for each case in the case financial file.

4. The Court will retain jurisdiction to adjudicate any disputes that may arise under this order or the division of fees and expenses among the Debtor and Cummings Law, and the Court will retain jurisdiction to enforce the terms of this order.

This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Special Counsel to Trustee*