IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Cummings Manookian, PLLC** | ) | CASE NO. **319-07235-CW-7** |
| | ) | Chapter 7 |
| Debtor(s) | ) | Judge Walker |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: June 17, 2021**
**IF A RESPONSE IS TIMELY FILED, A HEARING WILL BE: June 25, 2021, 11:00a.m.,**
**By AT & T conference line number 1-888-363-4749; Access Code 7250422#**

## NOTICE OF CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NUMBER 6 FILED BY RONETTE LEAL MCCARTHY, ESQ

Jeanne Ann Burton, Trustee, has asked the court for the following: order to disallow claim number 6.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response, answer, or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE, ANSWER OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

If you need assistance with Electronic Filing, you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 a.m. - 4:00 p.m.).

2. **Your response should state the deadline for filing responses, the date of the scheduled hearing is and the motion to which you are responding.**

If a response is filed before the deadline stated above, a hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the original of the attached order granting that relief.

Date: **5/18/2021**

/s/ **Jeanne Ann Burton**
Jeanne Ann Burton
Jeanne Ann Burton, PLLC
Attorneys for Trustee
4117 Hillsboro Pike, Ste 103-116
Nashville, TN 37215
(615) 678-6960
jeanne.burton@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
Cummings Manookian, PLLC ) CASE No. 319-07235-CW-7
    Debtor(s) ) CHAPTER 7
) JUDGE Walker

## CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NUMBER 6 FILED BY RONETTE LEAL MCCARTHY, ESQ.

Jeanne Ann Burton, Trustee, by and through counsel, respectfully represents the following to the Court:

1. This Chapter 7 case was filed on November 6, 2019. The Trustee was appointed as the Chapter 7 Trustee and is duly qualified.

2. Claim number 6 ("Claim") filed by Ronette Leal McCarthy, Esq. (the "Claimant"), is an unsecured claim for a referral fee of no less than 25% of a $1,350,000.00 contingency fee for settlement of a wrongful death action ($337,500.00).

    The Tennessee Rules of Professional Conduct, Rule 1.5: Fees provides in RPC1.5(e): A division of a fee between lawyers who are not in the same firm may be made only if:
(1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) The client agrees to the arrangement, and the agreement is confirmed in writing; and (3) the total fee is reasonable.

    The Addendum to the Claim states that Debtor agreed to pay Claimant a referral fee; however there appears to be no confirmation in writing that the Debtor or the client agreed to the arrangement as required by the Rules. Even if the client had agreed to the fee sharing in writing, Claimant has made no showing that the division of fees were proportionate to the services she performed for the client, that she had assumed joint responsibility for the representation, or the $337,500.00 is a reasonable fee for the services she provided the client, if any. Accordingly, the Claim should be disallowed.

3. Pursuant to B.R. 3007 and L.B.R. 3007-1, a declaration under penalty of perjury stating the basis for disallowance of the Claim is attached hereto and made a part hereof.

4. Pursuant to B.R. 3007 and L.B.R. 3007-1, notice of this objection shall be mailed to the Claimant, giving the Claimant 30 days to file an objection hereto.

**WHEREFORE, THE TRUSTEE PRAYS** for the entry of an order sustaining Trustee's objection and disallowing the Claim, and for such other relief as is necessary and appropriate.

**DATED:** 5/18/2021

Respectfully submitted,
JEANNE ANN BURTON, PLLC

**/s/ Jeanne Ann Burton**
Jeanne Ann Burton
4117 Hillsboro Pike, Ste 103-116
Nashville, Tennessee 37215
(615) 678-6960
jeanne.burton@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the NOTICE, OBJECTION and PROPOSED ORDER was either mailed electronically or by U.S. mail, postage prepaid, this 18th day of May, 2021, to the United States Trustee, to the Debtor, to the Debtor's attorney and to all creditors as listed on the matrix attached to the original of this pleading on file with the Clerk of the Court.

**/s/ Jeanne Ann Burton**
Jeanne Ann Burton

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
Cummings Manookian, PLLC ) CASE No. 319-07235-CW-7
    Debtor(s) ) CHAPTER 7
) JUDGE Walker

## PROPOSED ORDER DISALLOWING CLAIM NUMBER 6 FILED BY RONETTE LEAL MCCARTHY, ESQ.

Upon the Motion of Jeanne Ann Burton, Trustee, objecting to to Claim Number 6 ; thirty (30) days notice having been given pursuant to L.B.R. 9013-1 and L.B.R. 3007-1, and no objections having been filed;

**IT IS HEREBY ORDERED** that Claim Number 6 in this case shall be disallowed.

**IT IS FURTHER ORDERED** that this order is deemed a final determination as to the disallowance of Claim Number 6.

**This order was signed and entered electronically as indicated at the top of the first page.**

Submitted for entry:
JEANNE ANN BURTON, PLLC

/s/ Jeanne Ann Burton
Jeanne Ann Burton
4117 Hillsboro Pike, Ste 103-116
Nashville, Tennessee 37215
(615) 678-6960
jeanne.burton@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
Cummings Manookian, PLLC ) CASE NO. 319-07235-CW-7
 ) CHAPTER 7
 ) JUDGE Walker
Debtor(s) )

## DECLARATION OF JEANNE ANN BURTON, TRUSTEE IN SUPPORT OF OBJECTION TO CLAIM NUMBER 6 FILED BY RONETTE LEAL MCCARTHY, ESQ.

Comes now Jeanne Ann Burton, Trustee, and declares as follows:

1. I am the duly appointed Chapter 7 Trustee in the case of Cummings Manookian, PLLC, Case No. 319-07235-CW-7, pending in the United States Bankruptcy Court for the Middle District of Tennessee.

2. In my capacity as Chapter 7 Trustee, I have examined all proofs of claim filed in the case.

3. My review indicates that Claim 6 filed by Ronette Leal McCarthy, Esq. is an unsecured claim for a referral fee of no less than 25% of a $1,350,000.00 contingency fee for settlement of a wrongful death action ($337,500.00).

The Tennessee Rules of Professional Conduct, Rule 1.5: Fees provides in RPC1.5(e): A division of a fee between lawyers who are not in the same firm may be made only if:(1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) The client agrees to the arrangement, and the agreement is confirmed in writing; and (3) the total fee is reasonable.

The Addendum to the Claim states that Debtor agreed to pay Claimant a referral fee; however there appears to be no confirmation in writing that the Debtor or the client agreed to the arrangement as required by the Rules. Even if the client had agreed to the fee sharing in writing, Claimant has made no showing that the division of fees were proportionate to the services she performed for the client, that she had assumed joint responsibility for the representation, or the $337,500.00 is a reasonable fee for the services she provided the client, if any. Accordingly, the Claim should be disallowed.

Under penalty of perjury, I declare that the foregoing is true and correct to the best o my knowledge, information, and belief.

Dated this 18th day of May, 2020

/s/ Jeanne Ann burton, Trustee
JEANNE ANN BURTON, TRUSTEE

CUMMINGS MANOOKIAN, PLLC
c/o Brian Manookian
45 Music Square West
NASHVILLE, TN 37203-3205

Steven L. Lefkovits
Lefkovitz and Lefkovitz, PLLC
618 Church St., Ste 410
NASHVILLE, TN 37219-2452

Dean Chase, Sandra Chase and D.F. Chase, Inc
c/o Daniel H. Puryear
104 Woodmont Blvd-Ste 201
Nashville, TN 37205-2245

GRANT KONVALINKA & HARRISON, P.C.
c/o Harry R. Cash
633 Chestnut St., Ste 900
CHATTANOOGA, TN 37450-0900

George Robertson, M.D .and Family Medical Associates
c/o Phillip North, Noth Pursell & Ramos, PLLC
414 Union Street
Nashville, TN 37219-1783

Toby Smith, M.D. and Middle TN Pulmonary
c/o Phillip North, North Pursell & Ramos, PLLC
414 Union St., Ste 1850
Nashville, TN 37219-1783

Afsoon Hagh and Hagh Law, PLLC
c/o Craig V. Gabbert, Jr. and Glen B. Rose, Bass, Berry & Sims PLC
150 Third Ave. S., Ste. 2800
Nashville, TN 37201

Ronette Leal McCarthy, Esq
c/o Lynne B. Xerras, Esq.
Holland & Knight LLP, 10 St. James Ave.
Boston, MA 02116

InsBank
Philip Fons, EVP & CCO
2106 Crestmoor Rd
Nashville, TN 37215

Megan Seliber
Office of UST
701 Broadway, Ste 318
Nashville, TN 37203