## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made as of June 9, 2021, by and among: Jeanne Ann Burton, Chapter 7 Trustee of the bankruptcy estate of Cummings Manookian, PLC ("Trustee") on the one hand; and Dean Chase, Sandra Chase, and D.F. Chase Inc. (collectively the "Chase Parties") on the other. Together, Trustee and the Chase Parties may hereinafter be referred to, collectively, as the "Parties".

## RECITALS

A. On November 6, 2019 (the "Petition Date"), Cummings Manookian, PLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court"), Case No. 3:19-bk-07235 (the "Bankruptcy Case"). Trustee was appointed to serve as the Chapter 7 Trustee in the Bankruptcy Case and administer the Debtor's bankruptcy estate (the "Bankruptcy Estate").

B. Prior to the Petition Date, in 2015, David Chase initiated an action in the Circuit Court for Williamson County, Tennessee, Case No. 2015-200 (the "First State Court Case"), against Chris Stewart et al. On or about July 20, 2018, the Williamson County Circuit Court entered a Memorandum and Order for contempt of court and sanctions in favor of the Chase Parties, as intervening non-parties, against the Debtor, Brian Manookian, Mark Hammervold, and Hammervold PLLC, jointly and severally, issuing a judgment in the amount of $622,696.12 (the "Original Contempt/Sanctions Order"). On or about September 27, 2018, the Williamson County Circuit Court later entered an Order of Supplemental Attorneys' Fees and Expenses Award (the "Supplemental Order"), which increased the contempt and sanctions award to $748,769.21 and constituted a Final Judgment pursuant to Tenn. R. Civ. Proc. 54.01 (the "Judgment"). The Debtor, Brian Manookian, Mark Hammervold, and Hammervold, PLLC, respectively, filed certain appeals regarding the Judgment, but did not post a supersedeas bond to stay execution on the Judgment.

C. In furtherance of executing on the Judgment, the Chase Parties filed a separate lawsuit, along with expedited motion, for the appointment of a receiver and other related relief in the Circuit Court of Williamson County, Tennessee, Case No. 2019-221 (the "Second State Court Case" and, collectively with the First State Court Case, the "State Court Cases"). In the Second State Court Case, the Court granted, *inter alia*, the requested appointment of a receiver to collect the corporate choses in action of Debtor and Hammervold PLC.

D. After the Petition Date, and prior to the Court of Appeals hearing oral argument on the appeal of the Judgment, The Trustee filed a suggestion of Bankruptcy as to Debtor, staying the appeal as to Debtor. The Trustee has continued filing regular updates with the Court of Appeals concerning the status of this bankruptcy matter. The Court of Appeals entered an order noting that the appeal would proceed as to the remaining parties only.

1

E. On March 3, 2020, the Chase Parties filed Proof of Claim Number 5 (the "Proof of Claim") as a secured claim in the Bankruptcy Case in the amount of $806,927.04 (the "Claimed Amount"). The Claimed Amount includes the amount of the Judgment plus interest that had accrued on the Judgment through the Petition Date.

F. On February 4, 2021, the Tennessee Court of Appeals issued an opinion in which it held that the Williamson County Trial Court should have recused itself because its impartiality might reasonably be questioned. The Court of Appeals vacated the Judgment as to Brian Manookian, Mark Hammervold, and Hammervold, PLLC and remanded the matter to the Williamson County Circuit Court for adjudication by another judge. The Judgment was not vacated as to the Debtor due to stay imposed by the pending Bankruptcy Case.

G. On or about May 15, 2021, the Chase Parties appealed the ruling of the Tennessee Court of Appeals to the Tennessee Supreme Court. That appeal remains pending as of the date of this Settlement Agreement.

H. The Parties have agreed to resolve all actual and potential matters between them, including the Claim, all actions taken in the State Court Cases and the Judgment as it relates to the Debtor, so as to avoid the time and expense of further litigation, and the uncertainty of the outcome of continued litigation on the terms stated herein, the terms of which are contingent upon approval in unaltered form by the Bankruptcy Court in the Bankruptcy Case.

I. This Settlement Agreement is executed as a compromise of disputed matters, liability for which is expressly denied by each of the Parties. By entering into this Settlement Agreement, the Parties do not admit any liability, nor do the Parties intend it to be construed as such.

NOW, THEREFORE, for and in consideration of the covenants and agreements set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. Accuracy of Recitals. Each of the Parties acknowledges and agrees that the Recitals set forth above are accurate and, by this reference, are hereby incorporated into and made a part of the body of this Settlement Agreement.

2. Partial Allowance of Claim. Trustee and the Chase Parties agree that the Claim shall be allowed as a general unsecured claim in the Bankruptcy Case in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) (the "Allowed Amount"). The Trustee and the Chase Parties agree that the Claim shall be disallowed to the extent it exceeds the Allowed Amount.

3. Dismissal of State Court Cases as Regards Debtor. Trustee and the Chase Parties agree that, within five (5) business days after the Effective Date (as that term is defined below), they will take any action necessary to dismiss the Debtor from any action pending in the State Court Cases, including any pending appeals thereof.

2

4. No Release as to Third Parties. This Settlement Agreement shall not act as a release of liability, a satisfaction of the Judgment, or a release of any cause of action related to the State Court Cases as against any third parties, including Brian Manookian, Mark Hammervold, or Hammervold, PLLC.

5. No Guarantee of Payment. Nothing herein shall be deemed or interpreted as a guarantee of payment of any sum certain on account of the Claim or the Allowed Amount. The Trustee shall continue administering the Bankruptcy Case as she deems appropriate, according to her fiduciary duty and business judgment, and nothing herein shall be deemed to alter those rights, obligations, or authority.

6. Effectiveness of Settlement Agreement. This Settlement Agreement shall become effective upon, but only upon, the full and complete satisfaction of each of the following conditions precedent: (i) The Settlement Agreement shall have been executed by the Parties; and (ii) the Bankruptcy Court shall have entered an order in the Bankruptcy Case, in form and substance acceptable to the Parties, approving the Settlement Agreement and the transactions contemplated thereby in its entirety, which order shall not have been stayed, reversed, vacated or otherwise modified (the "Bankruptcy Approval Order"). The date on which the Settlement Agreement becomes effective in accordance with this Section shall be referred to herein as the "Effective Date." In the event that the Bankruptcy Court denies approval of the Settlement Agreement, then the Settlement Agreement shall be null and void. Nothing contained herein shall require any Party to appeal disapproval of this Agreement.

7. Reservation of Rights. In the event this Settlement Agreement does not become effective because the conditions precedent in Section 6 are not fully satisfied (or waived), then the Parties fully reserve all of their respective claims, rights and remedies, including, but not limited to, all claims, liens, rights and remedies under and with respect to the Judgment, the Claim, the Bankruptcy Case, applicable law, and otherwise, and all such claims, rights and remedies will remain in full force and effect.

8. Bankruptcy Court Approval. This Settlement Agreement shall be subject to the approval of the Bankruptcy Court in the Bankruptcy Case. The Parties agree to present this Settlement Agreement for approval by the Bankruptcy Court, and to take other actions necessary to obtain entry of the Bankruptcy Approval Order.

9. Releases. As of the Effective Date, Trustee, on behalf of herself and the Debtor, hereby releases and discharges the Chase Parties, and their counsel and other professionals, from any and all claims and causes of action, of any nature or type, whether known or unknown, that Trustee or the Debtor has or may have against them, arising from or relating to the State Court Cases, the Bankruptcy Case, or the Judgment. Similarly, as of the Effective Date, the Chase Parties hereby release and discharge the Trustee and the Debtor from any and all claims (except for the Claim in the Allowed Amount) and causes of action, of any nature or type, whether known or unknown, that the Chase Parties, individually or collectively, have or may have against the Trustee or the Debtor, arising from or relating to the State Court Cases, the Bankruptcy Case, or the Judgment. For clarity, nothing herein shall be deemed to release the Claim, which is being allowed in the Allowed Amount.

3

10. **Waiver of Jury Trial.** THE PARTIES HEREBY AGREE TO WAIVE ANY AND ALL RIGHT TO A JURY TRIAL IN ANY LEGAL ACTION COMMENCED BY EITHER PARTY AGAINST THE OTHER RELATING IN ANY WAY TO THIS SETTLEMENT AGREEMENT OR ANY RELATIONSHIP BETWEEN OR ANY CONDUCT BY THE PARTIES WITH RESPECT THERETO, WHETHER AT LAW OR IN EQUITY, AND WHETHER SOUNDING IN CONTRACT, TORT, OR OTHERWISE.

11. **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee, and The United States Bankruptcy Court for the Middle District of Tennessee shall be the exclusive jurisdiction for any action pursuant to this Settlement Agreement.

12. **Amendments.** This Settlement Agreement cannot be amended, rescinded, supplemented, or modified except in a writing executed by all Parties.

13. **Complete Agreement.** This Settlement Agreement contains the entire agreement of the Parties and supersedes any other discussions or agreements relating to the subject of this Settlement Agreement.

14. **Interpretation.** Section/Paragraph titles, and any headings to sections/paragraphs are inserted for convenience of reference only and are not intended to be a part of or to affect the meaning or interpretation hereof. The Parties acknowledge that they and their counsel have reviewed and revised this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation, construction, and enforcement of this Settlement Agreement or any amendment hereto.

15. **Counterpart Execution.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. Further, this Settlement Agreement may be executed by facsimile or by portable document format (.pdf) signature, such that execution of this Settlement Agreement by facsimile or by portable document format (.pdf) signature shall be deemed effective for all purposes as though this Settlement Agreement was executed as a "blue ink" original.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement on the day and year set forth above.

JEANNE ANN BURTON,
Chapter 7 Trustee

By: _____

4

DEAN CHASE

By: */s/ Dean Chase/*

SANDRA CHASE

By: */s/ Sandra Chase/*

D.F. CHASE INC.

By: */s/ Dean Chase, CEO/*

Its: Chairman/CEO

5

Case 3:19-bk-07235    Doc 108-1    Filed 07/06/21    Entered 07/06/21 11:02:31    Desc
Exhibit A    Page 5 of 5