# EXHIBIT 2



March 18, 2021

Daniel Horowitz
daniel.a.horwitz@gmail.com

Mark Hammervold
mark@hammervoldlaw.com

Charles I. Malone
charlie.malone@klgates.com

T 615 780 6731
F 615 780 6799

## SETTLEMENT COMMUNICATION PROTECTED BY TENN. R. EVID. 408

Re: *David Chase v. Chris Stewart et al., No. M2018-01991-COA-R3-CV*

Dear Daniel and Mark:

Daniel, as you requested of my partner Beau Creson, we are writing now that the Court of Appeals has issued its ruling on the Chase Non-Parties' motion for reconsideration in the above-reference matter. Following the issuance of the opinion, we received a settlement communication email (along with another email) directly from your client Brian Manookian. In compliance with the ethical rules, we will communicate with you as Mr. Manookian's attorney.

I am writing both of you collectively to follow up on prior settlement discussions. I do not intend to argue the merits of the case, other than to state that any insinuation or belief that the Court of Appeals has ruled in Respondents favor on the merits is wrong. As it stands now, the Chase Non-Parties have the option of seeking review by the Tennessee Supreme Court or simply having a new trial judge decide the case based on facts that have already been established. If required, the Chase Parties will pursue one or both of these avenues.

The Chase Non-Parties, however, are willing to agree to a global resolution of this matter in which everyone goes their separate ways in a "walk-away" with full releases. Such resolution would need to be global in that it include at a minimum Brian Manookian, Cummings Manookian PLC,[1] Mark Hammervold, Hammervold Law PLC, Afsoon Hagh and her law firm, in addition to standard broad language that includes employees, agents, affiliates, etc. As part of such resolution, the Chase Non-Parties will dismiss with prejudice the contempt and sanctions proceedings, along with the collection action. The proposed resolution would be contingent on execution of a formal agreement and release, the terms and conditions of which would be agreed to by all parties.

---

[1] I realize that the bankruptcy trustee will likely have to act on behalf of Cummings Manookian, PLC, which is a matter that we can address to the extent a settlement is possible.

K&L GATES LLP
222 SECOND AVENUE SOUTH, SUITE 1700, NASHVILLE, TENNESSEE 37201
T +1 615 780 6700  F +1 615 780 6799  klgates.com

Case 3:19-bk-07235    Doc 112-2    Filed 07/27/21    Entered 07/27/21 17:34:02    Desc
Exhibit Walk-Away Offer Letter    Page 2 of 3

I believe this offer is in line with the communication sent by Mr. Manookian this week, except that his communication was not clear as to whether it included anyone other than himself individually.

If you would like to discuss a potential resolution further, I would be happy to have a phone call at your convenience.

Very truly yours,

Charles I. Malone