Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/4/2021



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

**AGREED ORDER RESOLVING CHAPTER 7 TRUSTEE'S
OBJECTION TO CLAIM NUMBER 6 FILED BY RONETTE LEAL MCCARTHY, ESQ.**

This matter came before the Court on the Chapter 7 Trustee's Objection to Claim Number 6 Filed by Ronette Leal McCarthy, Esq. (Doc. 100) (the "Objection"); Jeanne Ann Burton, the Chapter 7 Trustee herein (the "Trustee") and Ronette Leal McCarthy (the "Claimant") having agreed, as evidenced by the signatures of counsel below, to resolve the Objection on the terms set forth herein; the Court having considered all related filings; and the Court finding sufficient cause for granting the relief as evidenced in this Agreed Order;

IT IS HEREBY FOUND:

1. The Claimant filed Claim Number 6 (the Claim") in this case as a general unsecured claim in the amount of $337,500.00. While the Claim was filed after the claims deadline, the Claimant was not listed as a creditor in the bankruptcy filing and she states that she had no knowledge of the bankruptcy filing until shortly before the Proof of Claim was filed.

2. The basis of the Claim is an allegation that the Claimant is entitled to a portion of the fees earned by the Debtor in its representation of the plaintiffs in a wrongful death action

filed in the Williamson County Circuit Court, styled as *Fitzgerald v. Osbourne*, Case No. 2018-cv-311 (the "State Court Matter"). The Claimant alleges that she referred the State Court Matter to the Debtor, that she participated in the representation of the plaintiffs in that matter, and that she was entitled to a portion of the fees earned by the Debtor in the State Court Matter. The State Court Matter settled on August 19, 2019 for $4,050,000.00. The plaintiffs' attorneys were entitled to an aggregate fee of $1,350,000.00 as a result of the settlement.

3. The Trustee objected to the Claim on multiple grounds, including:

(a) There was no written confirmation that the Debtor and/or the plaintiffs in the State Court Matter consented to the Claimant's continuing representation of the plaintiffs and/or a fee sharing arrangement;

(b) The amount stated in the Claim was not proportionate to the services she provided to the plaintiffs; and

(c) There was no evidence that the Claimant has assumed joint responsibility for the representation of the plaintiffs.

4. The Trustee's Objection was based, in part, on an engagement letter produced by the Debtor's corporate representative, Brian Manookian. The engagement letter made no mention of the Claimant nor of any fee sharing arrangement with the Claimant.

5. Subsequent to the filing of the Objection, the Claimant produced certain communications between her and Mr. Manookian which showed that the Claimant was involved to some degree in the representation of the plaintiffs in the State Court Matter. Among the communications produced to the Trustee subsequent to the Objection was a copy of an engagement letter related to the State Court Matter, signed by the plaintiffs and sent to the Claimant by Mr. Manookian, that specifically mentions a fee sharing arrangement between the

Debtor and the Claimant. The Claimant also produced emails in which Mr. Manookian discussed Claimant receiving a fee of between 25-33% of the total fees received by the Debtor in the State Court Matter.

6. Nevertheless, the Trustee disputes that the Claimant's agreement with the Debtor, or the services rendered by the Claimant, entitle her to a general unsecured claim in the amount of $337,500.00.

7. The Trustee and the Claimant have reached an agreement to resolve the Objection.

IT IS HEREBY ORDERED THAT:

1. Claim Number 6 shall be, and hereby is, allowed as a general unsecured claim in this case in an amount equal to ten percent (10%) of the amount that the bankruptcy estate actually recovers on account of the settlement of the State Court Matter (the "Allowed Amount").

2. The Claim shall be, and hereby is, disallowed to the extent it exceeds the Allowed Amount.

3. For sake of clarity, the $715,000.00 in funds currently held by the Clerk of the Bankruptcy Court, if recovered by the estate, would be considered funds to which Claimant would be entitled to a ten percent claim.

4. Nothing herein shall be deemed or interpreted as a guarantee of payment of any sum certain on account of the Claim or the Allowed Amount. The Trustee shall continue administering the Bankruptcy Case as she deems appropriate, according to her fiduciary duty and business judgment, and nothing herein shall be deemed to alter those rights, obligations, or authority.

This order was signed and entered electronically as indicated at the top of the first page.

Approved for entry:

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6001 Tower Circle, Suite 200
Franklin, TN 37067
Tel. (615) 465-6008
phillip@thompsonburton.com

Special Counsel for Jeanne Ann Burton, Trustee


*/s/ David J. Fischer*
David J. Fischer
Holland & Knight LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel. (312) 263-3600
David.fischer@hklaw.com

Attorney for Claimant

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

4

Case 3:19-bk-07235   Doc 116   Filed 08/04/21   Entered 08/04/21 14:10:32   Desc Main Document   Page 4 of 4