# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |

## BRIAN MANOOKIAN'S RESPONSE TO TRUSTEE'S LATE-FILED OBJECTION TO MR. MANOOKIAN'S STANDING

Brian Manookian, through counsel, files the following response to the Trustee's late-filed supplemental objection to Mr. Manookian's standing in this matter.

As a preliminary matter, it should be clear to this Court that the Trustee and her Special Counsel seek to avoid any substantive evaluation or scrutiny of their proposed payment of $250,000 from the Bankruptcy Estate to the Chase Parties. They do not want the Court to consider that:

- The Chase Parties have already offered a mutual walkway to settle the very same claims for $0 and a concomitant promise from the Debtor not to sue to the Chases;

- Any actual right to monies from the Debtor by the Chase Parties has recently and repeatedly been vacated and rejected the Tennessee Court of Appeals and Tennessee Supreme Court;

- There is a currently pending dispositive motion that will extinguish all claims of the Chase Parties without any need for action on the part of the Trustee other than to wait for its adjudication; and, most troubling,

- Special Counsel is impossibly conflicted (and appears to have potentially already engaged in an impermissible *quid pro quo* arrangement with Chase Parties) in his simultaneous roles as Special Counsel in the Bankruptcy proceeding and Receiver in a State Action.

These are not just material facts as to the propriety of the proposed Chase Settlement; these are determinative facts. But rather than confront these points or attempt to explain the inexplicable, the Trustee asks the Court to simply close its eyes and abdicate its role in considering the proposed settlement on its merits.

Specifically, after repeatedly and affirmatively representing to the Court that *this is a surplus case*, the Trustee now argues that the sole member and owner of the Debtor, Brian Manookian, lacks standing to challenge the proposed Chase Settlement because *this is not a surplus case*. But the Trustee is presently pursuing an Adversary Proceeding in this matter in which she has represented that the Debtor has assets of no less than $1.6 million, a number that far exceeds any claims of liability.

The Trustee's willingness to simultaneously advance these two irreconcilable positions – solely in an effort to avoid the Court being presented with unassailably true information so it can make the most informed decision possible – is telling. Conversely, Mr. Manookian only seeks to present all of the relevant facts to the Court, for the Court to determine which evidence to credit, which evidence to disregard, and to evaluate the proposed Chase Settlement on the merits, after hearing all of the existing information.

The Trustee's attempts to draw a curtain around the objectively irrational terms of her proposed settlement by preventing the sole member of the Debtor, Brian Manookian, from even presenting facts regarding the proposed Settlement should be denied. Specifically, after repeatedly representing to this Court that this is a surplus case, the Trustee's argument that Mr. Manookian

2
Case 3:19-bk-07235    Doc 144    Filed 09/27/21    Entered 09/27/21 11:53:44    Desc Main
Document      Page 2 of 3

lacks standing should be rejected, and the Court should hear from Mr. Manookian. The Court is then free to exercise its judgment and wisdom in weighing all of the facts and evidence in determining the propriety of the proposed Chase Settlement.

Date: September 27, 2021

Respectfully submitted,

*/s/ John Sprisgens*
John Sprisgens (TN Bar No. 31445)
Sprisgens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@sprisgenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed September 27, 2021 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Sprisgens*