In re:            Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC      Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3      User: anm0611      Page 1 of 2
Date Rcvd: Oct 01, 2021      Form ID: pdf001      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**
+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| intp | + BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2021      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com |
| DANIEL HAYS PURYEAR | on behalf of Creditor D.F. Chase Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com |
| GLENN BENTON ROSE | on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com |
| HARRY R CASH | on behalf of Creditor Grant Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com |
| JEANNE ANN BURTON | TN24@ecfcbis.com |
| JOHN PATRICK KONVALINKA | |

on behalf of Creditor Grant Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
jeanne.burton@comcast.net

LEFKOVITZ AND LEFKOVITZ, PLLC
on behalf of Debtor CUMMINGS MANOOKIAN PLLC slefkovitz@lefkovitz.com, sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.com

MEGAN REED SELIBER
on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
on behalf of Creditor INSBANK mabelow@srvhlaw.com sdossey@srvhlaw.com

PHILLIP G YOUNG
on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

PHILLIP L NORTH
on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

US TRUSTEE
ustpregion08.na.ecf@usdoj.gov

TOTAL: 14

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/1/2021



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
| Debtor. | ) Chapter 7 |
| | ) Judge Walker |

## ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND FINDING THAT BRIAN MANOOKIAN LACKS STANDING

Jeanne Ann Burton ("Trustee"), Chapter 7 Trustee in this matter, filed a Motion to Approve Compromise and Settlement (Doc. 108) (the "Settlement Motion") in which she sought to allow Claim No. 5 (the "Claim"), filed by Dean Chase, Sandra Chase, and D.F. Chase, Inc. (collectively, the "Chase Parties") as an unsecured claim in the reduced amount of $250,000.00. Objections were filed by creditor Grant, Konvalinka & Harrison, P.C. (Doc. 111) (the "Konvalinka Objection") and by the former principal of the Debtor, Brian Manookian (Doc. 112) (the "Manookian Objection"). Brian Manookian also filed a supplement to his original objection (Doc. 123). The Trustee filed a Response to the Konvalinka Objection (Doc. 124) and a Response to the Manookian Objection and supplement thereto (Doc. 125).

In her Response to the Manookian Objection, the Trustee alleged that Brian Manookian lacked standing to object to the Settlement Motion. On September 24, 2021, the Court entered an Order Setting Forth Procedures for Hearing on the Trustee's Motion for Compromise and

Settlement (Doc. 135) (the "Procedures Order") in which the Court notified THE parties that it was bifurcating the September 29, 2021 hearing and would be considering standing as a preliminary matter before proceeding to the merits of the Settlement Motion. Also on September 24, 2021, the Trustee filed the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing (Doc. 136) (the "Standing Motion"). Brian Manookian filed a response to the Standing Motion on September 27, 2021 (Doc. 144).

The Court conducted a hearing in this matter on September 29, 2021. Pursuant to the Procedures Order, the Court first considered the issue of Brian Manookian's standing. Phillip G. Young, Jr. appeared on behalf of the Trustee and John Spragens appeared on behalf of Brian Manookian. Mr. Manookian was given an opportunity to offer evidence in support of his argument that he had standing in this matter, and he called the Trustee as a witness. No other witnesses or evidence were offered by Mr. Manookian in support of his argument that he had standing.

Following the Court's ruling of the standing issue, the Court considered the Settlement Motion, the Konvalinka Objection, and the Trustee's Response thereto. Phillip G. Young, Jr. appeared on behalf of the Trustee and John Konvalinka appeared on behalf of Grant, Konvalinka & Harrison, P.C. The Trustee testified in support of the Konvalinka Objection and Mr. Konvalinka cross-examined the Trustee. Grant, Konvalinka & Harrison, P.C. asked to call Brian Manookian as a witness but, for the reasons stated orally at the hearing on September 29, 2021, the Court denied the request to examine Mr. Manookian. No other witnesses were offered regarding the Settlement Motion or the Konvalinka Objection.

Based on the Motion, the Konvalinka Objection, the Trustee's Response thereto, the standing arguments raised in the Trustee's response to the Manookian Objection and in the

2

Standing Motion, and the response thereto filed by Brian Manookian; and based on all evidence offered at the September 29, 2021 hearing and the arguments of all counsel at the September 29, 2021; and based on the entire record herein;

**IT IS HEREBY FOUND:**

    A.    Brian Manookian lacks standing to challenge the Settlement Motion filed by the Trustee.

    B.    The Trustee properly exercised her business judgment in reaching the proposed settlement of the Claim filed by the Chase Parties as proposed in the Settlement Motion.

    C.    Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts all other findings and conclusions stated orally at the hearing on September 29, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

    1.    The Manookian Objection is moot and Brian Manookian lacks standing to challenge the Trustee's Settlement Motion.

    2.    The Konvalinka Objection is overruled.

    3.    The Settlement Motion is approved.

    4.    The terms of the Settlement Agreement attached as an exhibit to the Settlement Motion are hereby approved, and the Trustee is hereby authorized to enter into the Settlement Agreement on behalf of this estate.

    5.    Claim No. 5 filed by the Chase Parties is hereby allowed as a general unsecured claim in the amount of $250,000.00 (the "Allowed Amount").

Case 3:19-bk-07235   Doc 148   Filed 10/03/21   Entered 10/03/21 23:55:54   Desc
Imaged Certificate of Notice    Page 5 of 6

6. Claim No. 5 filed by the Chase Parties is hereby disallowed to the extent that it exceeds the Allowed Amount, and the Chase Parties shall have no other or further claims against this estate.

7. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

4

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:19-bk-07235    Doc 148    Filed 10/03/21    Entered 10/03/21 23:55:54    Desc
Imaged Certificate of Notice    Page 6 of 6