# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|     Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HAGH LAW, PLLC; AFSOON ) | |
| HAGH; MANOOKIAN, PLLC; and ) | |
| FIRST-CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM HAGH LAW, PLLC

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Hagh Law, PLLC (the "Interrogatories") and Plaintiff's First Requests for Production of Documents Propounded to Defendant Hagh Law, PLLC (the "Requests") propounded to Hagh Law, PLLC ("Hagh Law") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Hagh Law.[1] Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

December 24, 2020. Due to the holidays, and upon request by counsel for Hagh Law, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 28, 2021, Hagh Law served responses to the Interrogatories, Requests, and the requests for admission. The responses are attached as collective Exhibit 2. The Trustee deemed Hagh Law's responses to the requests for admission adequate, but viewed Hagh Law's responses to the Interrogatories and Requests as seriously deficient. Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Hagh Law's responses to the Interrogatories and Requests until October 29, 2021. On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Hagh Law identifying the deficiencies in the responses to the Interrogatories and Requests. A copy of the Meet and Confer Letter is attached hereto as Exhibit 3. Notably, because Hagh Law had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Interrogatories and Requests by November 12, 2021. On November 4, 2021, counsel for Hagh Law asked for additional time to respond to the Meet and Confer Letter. Counsel for the Trustee agreed to an extension to November 30, 2021. On November 30, 2021, Hagh Law served amended responses to the Interrogatories and Requests on the Trustee. Those amended responses are attached hereto as Exhibit 4.

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Hagh Law's responses to the Interrogatories and Requests

remain deficient.[2] More specifically, the Trustee identifies the following continuing deficiencies with the amended responses:

- Interrogatory 8: Interrogatory 8 asks Hagh Law to state the legal and/or factual support for its claims to fees in certain cases identified in the responses to Interrogatory 5. Interrogatory 8 specifically requests "reference to any communication establishing the amounts to which the Defendant claims entitlement." Hagh Law's amended responses does not specifically identify those communications, instead choosing to broadly reference "written engagement letters" and agreements for fee sharing. It concludes: "Copies of these documents will be made available for inspection upon entry of an appropriate protective order." The responses fail to specifically identify any communications which give rise to a right to compensation in the cases identified in the amended response to Interrogatory 5. Moreover, despite being provided with a draft protective order, Hagh Law has failed to produce the communications responsive to this Interrogatory and Request 5. Hagh Law should be compelled to specifically identify the communications with clients or other counsel that are responsive to this interrogatory.
- Request 1: Request 1 seeks production of any document or communication that Hagh Law alleges supports the denials in its answer. Despite Hagh Law's repeated allegations that it is in possession of information that would

---

[2] The amended responses to the Interrogatories did resolve the Trustee's issues regarding Interrogatory 5, and the amended responses to the Requests resolved the Trustee's issues regarding Requests 2, 4 and 7.

disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Hagh Law has refused to provide any documents in response to this Request. Hagh Law should be compelled to respond to this Request and, to the extent it does not, it should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between Hagh Law and plaintiffs to certain cases identified specifically in the Requests and Interrogatories. Hagh Law has repeatedly alleged that it has written engagement letters with these parties, but has repeatedly refused to produce them. In response to Request 3, Hagh Law again refuses to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged) and/or because the request is unduly burdensome (even though the Request identifies specific cases). Hagh Law again offers to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Hagh Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports its response to Interrogatory 5, namely the percentage of fees to which Hagh Law claims an interest in certain cases. Again, Hagh Law refuses to produce these documents without a "suitable protective order", which the

Trustee has proposed but to which Hagh Law has not responded. Hagh Law should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Hagh Law objects, noting that "[t]he entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter." Hagh Law has repeatedly taken the position in this case that it, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh Law and counsel for the Defendants. Since Hagh Law was formed in March 2019, and the Fitzgerald matter was settled in August 2019, there should be a finite set of documents that are responsive to this request. Hagh Law should be compelled to produce all documents responsive to this request without drawing a false distinction between Hagh Law as an entity and Afsoon Hagh, its sole member.

- Request 9: Request 9 seeks banks statements that show where funds from the settlement of the Fittzgerald matter were deposited, transferred or held since August 1, 2019. Hagh Law objects, claiming that Trustee's counsel is in possession of all such statements. However, the Trustee and her counsel are only in possession of a highly redacted bank statement that was previously produced by Brian Manookian, not by the account holder Hagh Law. The Trustee believes she is entitled to an unredacted copy of this bank

statement, to be produced by Hagh Law, so that she can ensure its veracity.

Hagh Law should be compelled to produce all responsive documents.

For the reasons outlined above, the Trustee requests that the Court compel Hagh Law to respond to the outstanding Interrogatories and Requests listed in this Motion.[3] The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[4] Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties. Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615.465.6008
Fax: 615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

---

[3] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[4] *See* Fed. R. Civ. P. 37(a)(5)(A).

## RULE 37 CERTIFICATION

I certify that I, in good faith, conferred or attempted to confer with Hagh Law's counsel in an effort to obtain discovery responses without court action. Specifically, on October 29, 2021 I sent counsel for Hagh Law a detailed "Meet and Confer Letter". Despite this attempt, and despite conversations regarding necessary discovery over the past year, Hagh Law has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.