IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM AFSOON HAGH

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Requests for Production of Documents Propounded to Defendant Afsoon Hagh (the "Requests") propounded to Afsoon Hagh ("Hagh") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Hagh.[1] Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on December

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

24, 2020. Due to the holidays, and upon request by counsel for Hagh, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 28, 2021, Hagh served responses to the Requests, interrogatories, and the requests for admission. The responses are attached as collective Exhibit 2. The Trustee deemed Hagh's responses to the interrogatories and requests for admission adequate, but viewed Hagh's responses to the Requests as seriously deficient. Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Hagh's responses to the Requests until October 29, 2021. On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Hagh identifying the deficiencies in the responses to the Requests. A copy of the Meet and Confer Letter is attached hereto as Exhibit 3. Notably, because Hagh had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Requests by November 12, 2021. On November 4, 2021, counsel for Hagh asked for additional time to respond to the Meet and Confer Letter. Counsel for the Trustee agreed to an extension to November 30, 2021. On November 30, 2021, Hagh Law, PLlC served amended responses to the discovery but Hagh individually served no supplemental responses.

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Hagh's responses to the Requests remain deficient. More specifically, the Trustee identifies the following continuing deficiencies with the Request responses:

- Request 1: Request 1 seeks production of any document or communication that Hagh alleges supports the denials in her answer. Despite Hagh's repeated allegations that she is in possession of information that would disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Hagh has refused to provide any documents in response to this Request. Hagh should be compelled to respond to this Request and, to the extent she does not, she should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between Hagh and plaintiffs to certain cases identified specifically in the Requests and the related interrogatories. Hagh has repeatedly alleged that she or her law frim has written engagement letters with these parties, but has repeatedly refused to produce them. In response to Request 3, Hagh again refuses to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged) and/or because the request is unduly burdensome (even though the Request identifies specific cases). Hagh has offered to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Hagh should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports her response to Interrogatory 5, namely the percentage of fees to which Hagh claims an interest in certain cases. Again, Hagh refuses to produce these documents without a "suitable protective order", which the Trustee has proposed but to which Hagh has not responded. Hagh should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Hagh objects, vaguely claiming a privilege but failing to produce a privilege log. Hagh has repeatedly taken the position in this case that she and/or her law firm, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh and counsel for the Defendants. Hagh should be compelled to produce all documents responsive to this request.

- Request 9: Request 9 seeks banks statements that show where funds from the settlement of the Fitzgerald matter were deposited, transferred or held since August 1, 2019. Hagh objects, claiming that Trustee's counsel is in possession of all such statements. However, the Trustee and her counsel are only in possession of a highly redacted bank statement that was previously produced by Brian Manookian, not by the account holder Hagh Law or Hagh individually. The Trustee believes she is entitled to an

unredacted copy of this bank statement, to be produced by Hagh or Hagh Law, so that she can ensure its veracity. Hagh should be compelled to produce all responsive documents.

For the reasons outlined above, the Trustee requests that the Court compel Hagh to respond to the outstanding Requests listed in this Motion.[2] The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[3] Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties. Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615.465.6008
Fax: 615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

**RULE 37 CERTIFICATION**

---

[2] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[3] *See* Fed. R. Civ. P. 37(a)(5)(A).

I certify that I, in good faith, conferred or attempted to confer with Hagh's counsel in an effort to obtain discovery responses without court action. Specifically, on October 29, 2021 I sent counsel for Hagh a detailed "Meet and Confer Letter". Despite this attempt, and despite conversations regarding necessary discovery over the past year, Hagh has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

### Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.