IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No: 3:19-bk-07235 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |

### TRUSTEE'S RESPONSE TO BRIAN MANOOKIAN'S RENEWED OBJECTION TO PROPOSED SETTLEMENT WITH THE CHASE PARTIES

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through special counsel, hereby respectfully responds to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties (Doc. 180) (the "Notice"), as follows:

1. In the Notice, Brian Manookian incorporates by reference his previous objections to the Trustee's motion to approve a proposed settlement with the Chase Parties (Doc. 108). In response, the Trustee hereby incorporates by reference her response to those objections (Doc. 125), as well as her motion to strike Mr. Manookian's prior objection due to his lack of standing (Doc. 136). The Trustee intends to demonstrate at the August 30, 2023 hearing, just as she did in September 2021, that Mr. Manookian lacks standing in this matter and that his objection to the Trustee's proposed settlement has no merit, even if he had standing.

2. In the Notice, Mr. Manookian also attempts to incorporate by reference his arguments lodged in a related adversary proceeding that Judge Walker should recuse himself from this matter. As an initial matter, the recusal arguments contained in the Notice are not styled as a motion nor do they comply with Bankruptcy Rule 9014 or Local Rule 9014-1. Therefore, the Court should take no action on the Notice with regard to recusal.

3. Even if the Court were to treat the Notice as a motion to recuse, that request should be denied due to collateral estoppel. The doctrine of collateral estoppel "precludes

relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

    4.    Where a federal court has previously made a finding or entered an order, federal law of collateral estoppel must be applied. *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). Under federal law, the following elements must be satisfied in order for collateral estoppel to apply:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation;
> (2) the issue was actually litigated and decided in the prior action;
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
> (4) the party to be estopped was a party of the prior litigation (or in privity with such a party); and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

    5.    All five elements for collateral estoppel are clearly and unequivocally met in this matter. This Court conducted a hearing on April 4, 2023 in the adversary proceeding related to this matter (3:20-ap-9002) in which it considered a motion to recuse filed by Mr. Manookian. After conducting the evidentiary hearing, the Court denied Mr. Manookian's recusal request (Doc. 229). Mr. Manookian has attempted to incorporate that motion by reference in this matter, which makes obvious that the exact same parties are making the exact same allegations and arguments. This recusal issue (1) is the identical issue that was previously resolved in the

adversary proceeding; (2) was litigated and resolved in the adversary proceeding; (3) was essential to the outcome of that matter; (4) involves the same party, as Mr. Manookian was involved in the prior recusal motion; and (5) involves a party that had an opportunity to, and indeed did, participate in the prior litigation. As such, any attempt by Mr. Manookian to relitigate the recusal issue in this matter is barred by the doctrine of collateral estoppel.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court deny any requests made in the Notice (including any implicit recusal request), and grant the Trustee such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

Case 3:19-bk-07235    Doc 181    Filed 08/01/23    Entered 08/01/23 19:52:55    Desc Main
Document    Page 3 of 4

## Certificate of Service

    The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 1st day of August, 2023.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

4