IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |

**BRIAN MANOOKIAN'S WITNESS AND EXHIBIT LIST FOR AUGUST 30, 2023 HEARING ON TRUSTEE'S MOTION TO APPROVE**

Brian Manookian, through counsel, gives notice of the witnesses he may call and exhibits he may introduce at the August 30, 2023 hearing on the Trustee's Motion to Approve Compromise and Settlement to the extent such hearing occurs as currently scheduled.[1]

## WITNESS LIST

1. <u>Brian Manookian, Member, Cummings Manookian.</u> If called to testify, Brian Manookian will testify regarding his objection to the proposed settlement with the

---

[1] A recusal appeal is currently pending in the District Court as to the Bankruptcy Judge's participation in this matter's adversary proceeding as a result of Judge Walker's out-of-court *ex parte* communications regarding Brian Manookian as well as his in-court statements regarding Brian Manookian. To the extent the Bankruptcy Court does not treat the pending recusal appeal in this matter's adversary proceeding as automatically requiring a stay of this hearing, Mr. Manookian will shortly be filing at least two motions seeking appropriate relief.

Moreover, and critically, the underlying case the Trustee seeks to settle has been dismissed against the sole member of Cummings Manookian whose actions could give rise to any liability. <u>That dismissal was effective August 3, 2023 and occurred *after* the deadline for filing objections to this proposed settlement.</u> All parties with an interest in this proposed settlement – including the Konvalinka parties – are entitled to an opportunity to analyze and brief the effect of that dismissal in the form of supplemental objections.

Chase Parties, the facts and merits of the underlying Chase Litigation, and the bases for the objections raised in this objection (Doc. 112) and supplement thereto (Doc. 123). Mr. Manookian will also testify as to his personal knowledge of the Chase Parties' prior and recent offer to settle all claims with Cummings Manookian for a "walk-away."

Mr. Manookian will additionally testify that the underlying action that the Trustee seeks to settle has been dismissed within the last two weeks – following the deadline for objections – as all Defendants except for Cummings Manookian; in each case with the Chase either paying money to the Defendants or simply walking away from their claims. Mr. Manookian will contrast the results achieved by three Defendants in either being paid money to allow the Chases to dismiss their claims, or securing a walk-away with the Trustee's attempt to funnel a quarter of a million dollars to the Chase Parties who have declined to prosecute their claims when called upon to do so.

Mr. Manookian will also testify that he is the sole member and owner of Cummings Manookian and that a successful objection to the proposed settlement will result in a reasonable possibility of a surplus that inures to his benefit and the benefit of Cummings Manookian.

2. <u>Jeanne Burton, Trustee</u>. Mr. Manookian will call Jeanne Burton to testify regarding her research, due diligence, and investigation of the Chase Claim, her awareness and verification of the Chase "walk-away" offer, and her rationale for proposing the particular terms contained in the proposed Settlement Agreement. Mr. Manookian will also inquire in to Ms. Burton's screening and knowledge of conflicts and self-interest posed by Phillip Young's participation in the Chase matters as well as any other relevant topics.

Mr. Manookian will additionally inquire into Ms. Burton's prior sworn testimony to this Court regarding assets and funds she has testified belong to Cummings Manookian and whether a successful objection to the proposed Chase Settlement could result in a surplus in the bankruptcy estate that would inure to the benefit of Cummings Manookian and Brian Manookian. Mr. Manookian will additionally inquire into Ms. Burton's efforts, lack thereof, and conflicts in seeking setoff from the Chase Parties in the form of reassessed fees paid to Mr. Young out of Cummings Manookian assets in the Chase Parties' unsuccessful *Chase v. Cummings Manookian* action.

Mr. Manookian will additionally inquire into any efforts by the Trustee to have the underlying *Chase* contempt action dismissed, voluntarily or involuntarily by simple notice to the State Trial Court, rather than paying a quarter of a million dollars. Mr. Manookian will also inquire as to why Ms. Burton believes, in good faith, that the entity Cummings Manookian is the only Defendant that has offered to pay money to settle the Chase claims, and why she believes Cummings Manookian is culpable if the individual defendants in the matter are not.

3. <u>Phillip Young, Special Counsel</u>. Mr. Manookian will call Phillip Young to testify regarding his role as an actor/viewer and receiver in the Chase State Court litigation as well as his arrangement, and the timing of his arrangement, to receive payments directly from the Chase Parties in that case. Mr. Manookian will also inquire into Mr. Young's investigation, due diligence, and research into the underlying Chase claims as well as any other relevant topics. Mr. Manookian will additionally inquire into Mr. Young's prior sworn testimony to this Court regarding assets and funds he has testified belong to Cummings Manookian and whether a successful objection to the

proposed Chase Settlement could result in a surplus in the bankruptcy estate that would inure to the benefit of Cummings Manookian and Brian Manookian.

Mr. Manookian will additionally inquire into Mr. Young's efforts, lack thereof, and conflicts in seeking setoff from the Chase Parties in the form of reassessed fees paid to Mr. Young out of Cummings Manookian assets in the Chase Parties' unsuccessful *Chase v. Cummings Manookian* action. Mr. Manookian will additionally inquire into any efforts by Special Counsel to have the underlying *Chase* contempt action dismissed, voluntarily or involuntarily by simple notice to the State Trial Court, rather than paying a quarter of a million dollars. Mr. Manookian will also inquire as to why Mr. Young believes, in good faith, that the entity Cummings Manookian is the only Defendant that has offered to pay money to settle the Chase claims, and why he believes Cummings Manookian is culpable if the individual defendants in the matter are not.

4. <u>Daniel Horwitz, Attorney</u>. Mr. Manookian may call Mr. Horwitz regarding the Chase Parties' prior efforts to secure a walk-away settlement with Cummings Manookian. Mr. Manookian may also inquire into the facts, merits, and defenses of the Chase Action and inquire into the cost in defending the action.

5. <u>Mark Hammervold, Attorney</u>. Mr. Manookian may call Mr. Hammervold regarding the Chase Parties' prior efforts to secure a walk-away settlement with Cummings Manookian as well as the settlement terms secured by Mr. Hammervold and Hammervold PLC in the Chase contempt action. Mr. Manookian believes the Chase parties actually paid the Hammervold parties for the privilege of dismissing their own case, in stark contrast to the Trustee and Special Counsel's attempts to funnel money to the Chase Parties at the same time that the Chase Parties agreed to pay Special Counsel's legal fees in a related matter. Mr. Manookian may also inquire into the facts, merits, and

defenses of the Chase Action and inquire into Mr. Hammervold's cost in defending the action.

6. <u>Daniel Puryear, Attorney, Chase Parties (Counsel of Record in this Matter).</u> Mr. Manookian will call Daniel Puryear to testify regarding the Notice of Secured Claim he filed in this matter; whether the underlying judgment supporting that claim was subsequently vacated by the Tennessee Court of Appeals; and any effort or action he has taken to withdraw, revise, or otherwise correct the Notice of Secured Claim filed on behalf of the Chase Parties in this case. Mr. Manookian will also inquire into the current nature and status of any purported claim by the Chase Parties against Cummings Manookian and whether the Chase Parties have actually secured any legal right to collect monies from Cummings Manookian or whether their claim rests entirely on unproved and highly disputed allegations that have yet to be adjudicated by any Court.

7. <u>Dean Chase, Plaintiff, *Chase Action* (Proposed Settlement Creditor).</u> Mr. Manookian will call Dean Chase to testify that the award for which he filed a notice of claim in this matter has since been vacated by the Tennessee Court of Appeals. Mr. Manookian will also call Dean Chase to testify regarding the Chase Parties settlement discussions with the Trustee and Special Counsel as well as the claims, history, allegations, and details of the Chase Action as well as any other relevant matters on which he has personal knowledge.

8. <u>Charlie Malone, Attorney, Chase Parties (Counsel of Record in this Matter).</u> In lieu of Dean Chase, Mr. Manookian may call his lead counsel Charlie Malone to speak to the same topics at the election of Mr. Chase or Mr. Malone.

9. Mr. Manookian reserves the right to call the witnesses identified by any other party as well as rebuttal witnesses as necessary, including Beau Creason, and any of the Chase Parties.

**EXHIBIT LIST**

1. All documents previously filed with the Court in this matter, and particularly any Exhibits to Mr. Manookian's objection and supplement thereto.

2. All pleadings any other documents filed in the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

3. Transcripts of statements made by Phillip Young in the *Chase v. Cummings Manookian* matter.

4. All correspondence by and between the parties and their representatives in the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

5. All correspondence by and between the Trustee, Special Counsel, and any individual regarding the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

6. All settlement agreements, draft settlement agreements, or correspondence regarding the same arising out of the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

7. Any exhibit identified by any other party and any exhibits necessary for rebuttal.

Date:  August 16, 2023						Respectfully submitted,

						*/s/ John Sprags*
						John Sprags (TN Bar No. 31445)
						Sprags Law PLC
						311 22nd Ave. N.
						Nashville, TN 37203
						T: (615) 983-8900
						F: (615) 682-8533
						john@spragenslaw.com

						*Attorney for Manookian PLLC and Brian Manookian*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed August 16, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

						*/s/ John Sprags*
7
Case 3:19-bk-07235   Doc 184   Filed 08/16/23   Entered 08/16/23 17:43:56   Desc Main
Document    Page 7 of 7