# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No: 3:19-bk-07235 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |

**TRUSTEE'S RESPONSE TO**
**MOTION TO DISQUALIFY BANKRUPTCY JUDGE CHARLES WALKER**

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through special counsel, hereby respectfully responds to Brian Manookian's Motion to Disqualify Bankruptcy Judge Charles Walker (Doc. 187) (the "Recusal Motion"), as follows:

1. The Recusal Motion filed by Brian Manookian in this matter on August 23, 2023 is strikingly similar to the one he and Manookian PLLC filed in Adversary Proceeding No. 3:20-ap-90002 (the "AP"), which was docketed at Docket No. 161 in the AP. Because the Trustee has already responded to these allegations and calls for recusal once (and the Court denied Mr. Manookian's motion), she incorporates herein by reference her Response to Brian Manookian and Manookian PLLC's Motion to Disqualify Bankruptcy Judge Charles Walker (the "AP Response") filed in the AP at Docket No. 174.

2. Not only is the Recusal Motion without substantive merit, Brian Manookian is procedurally barred from once again raising this issue, for two reasons. First, the Recusal Motion should be denied due to collateral estoppel. The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects

their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

3. Where a federal court has previously made a finding or entered an order, federal law of collateral estoppel must be applied. *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). Under federal law, the following elements must be satisfied in order for collateral estoppel to apply:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation;
> (2) the issue was actually litigated and decided in the prior action;
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
> (4) the party to be estopped was a party of the prior litigation (or in privity with such a party); and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

4. All five elements for collateral estoppel are clearly and unequivocally met in this matter. This Court conducted a hearing on April 4, 2023 in the AP in which it considered a motion to recuse filed by Mr. Manookian. After conducting the evidentiary hearing, the Court denied Mr. Manookian's recusal request (Doc. 229). Mr. Manookian is making the exact same allegations and arguments in the Recusal Motion as were previously made, and denied, in the AP. This recusal issue (1) is the identical issue that was previously resolved in the AP; (2) was litigated and resolved in the AP; (3) was essential to the outcome of that matter; (4) involves the same party, as Mr. Manookian was involved in the prior recusal motion; and (5) involves a party that had an opportunity to, and indeed did, participate in the prior litigation. As such, Mr. Manookian's thinly veiled attempt to relitigate the recusal issue in this matter is barred by the doctrine of collateral estoppel.

5. Second, for the reasons stated by the Trustee in her Motion to Strike Brian Manookian's Objection and to Preclude his Participation in the September 29, 2021 Hearing for Lack of Standing (Doc. 136) (the "Standing Motion"), Mr. Manookian has no standing in this matter (the main bankruptcy case) to request Judge Walker's recusal. The Trustee hereby incorporates by reference the Standing Motion.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court immediately deny the Recusal Motion and grant the Trustee such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

## Certificate of Service

    The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 24th day of August, 2023.

                              /s/ Phillip G. Young, Jr.
                              Phillip G. Young, Jr.
                              Thompson Burton PLLC
                              6100 Tower Circle, Suite 200
                              Franklin, Tennessee 37067
                              Tel:    (615) 465-6000
                              phillip@thompsonburton.com

                              Special Counsel for Chapter 7 Trustee