Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/28/2023



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, ) | Chapter 7 |
| ) | Honorable Charles M. Walker |
| Debtor. ) | |
| ) | |

.

**ORDER DENYING
MOTION TO DISQUALIFY JUDGE CHARLES WALKER**

THIS MATTER is before the Court on the motion of Brian Manookian ("Movant") to disqualify Judge Charles Walker (ECF. #187). The Trustee has filed a Response (ECF. #188), and the Court has reviewed the pleadings and finds that the motion fails for the following reasons:

a. <u>Untimeliness</u>

On May 5, 2022, in adversary 3:21-ap-90002, Brian Manookian and Manookian PLLC (" Adversary Movants"), filed a Motion to Disqualify Bankruptcy Judge Charles Walker ("Adversary Motion"). That motion cited to remarks made on the record in a hearing held by Judge Walker on March 17, 2022 ("the Hearing"), over a year before the filing of this Motion ("Bankruptcy Motion").  The eighteen months that have passed since the events that are alleged to support recusal render this Bankruptcy Motion untimely. See *In re Haas*, 292 B.R. 167, 181 (Bankr. S.D. Ohio 2003), citing *Am. Express Travel Related Servs. Co., Inc. v. Fraschilla* (*In re Fraschilla*), 235 B.R. 449, 459 (9th Cir. BAP 1999) (noting that the timing of a recusal motion

1

Case 3:19-bk-07235    Doc 189    Filed 08/28/23    Entered 08/28/23 16:31:31    Desc Main
Document    Page 1 of 4

"may affect the weight ascribed to the evidence said to be probative of bias or prejudice"). See also *LeVay v. Morken*, 590 F.Supp.3d 1037 (E.D. Mich. 2022) (noting that the most recent judicial conduct complained of was thirteen months prior to the motion for recusal and therefore, rendered the request untimely); *United States v. White*, 582 F.Supp.3d 525 (E.D. Mich. 2022)(finding recusal motion untimely where motion was brought more than seven months after alleged conduct demonstrating extrajudicial bias); *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir.1995) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."); *Katzman v. Victoria's Secret Catalogue*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996)(citations omitted)("(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay.")

Movant was aware of pending matters in the main bankruptcy case at the time he filed the Adversary Motion – specifically, Movant's Renewed Objection to Proposed Settlement (ECF 180), Exhibit and Witness List (ECF 184), and Notice of Filing Order of Dismissal in State Action (ECF 185). Yet, with all of these filings in the main bankruptcy case in anticipation of trial, Movant made no move to seek recusal until the eleventh hour before an evidentiary hearing regarding his standing as a party to the main case – better said, his standing to bring any motion or seek any relief in the main case. Movant has offered no good cause for the delay – in fact, no cause at all has been presented. Since, nothing on the record prevented or restricted Movant's involvement in the main case, his failure to seek recusal timely is no one's fault but his own.

2

b. <u>Collateral Estoppel</u>

The Movant is procedurally barred from seeking recusal due to the doctrine of collateral estoppel. Actions are collaterally estopped "once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation." *In re Maresh*, 277 B.R. 339 (Bankr. N.D. Ohio 2001) citing *Dowling v. United States*, 493 U.S. 342, 347, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). Since the Movant has essentially duplicated the Adversary Motion in the Bankruptcy Motion by making the identical allegations regarding the identical issues involving the identical parties, collateral estoppel is applicable and a basis for denial.

c. <u>Order Denying Motion to Recuse Judge Walker</u>

Not only was this issue previously litigated, but this Court issued an Order Denying the Adversary Motion. The findings and ruling of this Court's Order Denying Motion to Recuse Judge Walker (ECF 229, 3:21-ap-90002) are hereby incorporated and made a part hereof.

Further, the Adversary Motion states, albeit in a footnote, that the appeal currently pending regarding this Court's denial of the Adversary Motion "is operative on, and stays, the bankruptcy proceeding as well." (ECF 187). It appears this statement is placed in a footnote because it did not merit an actual argument. The Movant proposes no cause whatsoever for a stay and offers no argument or support for any of the elements required for such a stay.

The criteria governing a motion for stay under Rule 8007[1], which are similar to the factors considered in the issuance of a preliminary injunction, include: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm; (3) harm to others; and (4) whether the public interest will be served. *In re Target Graphis, Inc*., 372 B.R. 866, (E.D. Tenn. 2007)

---

[1] Fed. R. Bankr. P. 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings.

3

citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *In re Bradford*, 192 B.R. 914, 917 (E.D.Tenn.1996). Therefore, Movant here must show, by a preponderance of the evidence, he will likely prevail on the merits of his appeal, he will suffer irreparable injury if the stay is denied, other parties will not be substantially harmed by the stay, and the public interest will be served by granting the stay. *Id*, citing *In re Level Propane Gases, Inc.*, 304 B.R. 775, 777 (Bankr.N.D.Ohio 2004). The footnote of the Bankruptcy Motion alleging a stay exists is woefully inadequate to act as a stay to these proceedings. Movant offers no actual request for a stay and no allegation or argument that supports a stay, nor did he properly seek or obtain a stay pending appeal from any appropriate court.

Conclusion

Movant has brought this untimely motion to recuse at the eleventh hour before a hearing to determine his standing to seek relief in this bankruptcy case and after having fully participated in the case for eighteen months after the conduct alleged as a basis for recusal. He has brought it despite the previously fully litigated identical motion having been denied in the adversary proceeding, and now seeks to stay these proceedings without offering a scintilla of support or complying with the procedural requirements to obtain a stay. For all of these reasons, the motion is not well-taken and, therefore,

IT IS HEREBY ORDERED that the Motion to Disqualify is DENIED:

a) as untimely,
b) as prohibited by collateral estoppel, and
c) in the absence of a stay pending appeal, for the reasons stated in the Order of this Court in adversary 3:21-ap-90002 entered April 5, 2023 at ECF 229.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE***

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

4

Case 3:19-bk-07235    Doc 189    Filed 08/28/23    Entered 08/28/23 16:31:31    Desc Main
Document      Page 4 of 4