Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/8/2024



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No.: 3:19-bk-07235 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Walker |
| | ) | |

# ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT

THIS MATTER was before the Court on the Chapter 7 Trustee's Motion to Approve Compromise and Settlement (ECF Doc. 108) ("Settlement Motion") in which the Trustee sought to allow Claim No. 5 (the "Claim"), filed by Dean Chase, Sandra Chase, and D.F. Chase, Inc. (collectively, the "Chase Parties") as an unsecured claim in the reduced amount of $250,000.00.

Objections were filed by creditor Grant, Konvalinka & Harrison, P.C. (ECF Doc. 111) (the "Konvalinka Objection") and by the former principal of the Debtor, Brian Manookian (ECF Doc. 112) (the "Manookian Objection"). Brian Manookian also filed a supplement to his original objection (ECF Doc. 123). The Trustee filed a Response to the Konvalinka Objection (ECF Doc. 124) and a Response to the Manookian Objection and supplement thereto (ECF Doc. 125).

In her Response to the Manookian Objection, the Trustee alleged that Brian Manookian lacked standing to object to the Settlement Motion. On September 24, 2021, the Court entered an Order Setting Forth Procedures for Hearing on the Trustee's Motion for Compromise and Settlement (ECF Doc. 135) (the "Procedures Order") in which the Court notified the parties that it was bifurcating the September 29, 2021 hearing and would be considering standing as a preliminary matter before proceeding to the merits of the Settlement Motion.

1

Also on September 24, 2021, the Trustee filed the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 hearing for Lack of Standing (ECF Doc. 136) (the "Standing Motion"). Brian Manookian filed a response to the Standing Motion on September 27, 2021 (ECF Doc. 144). The Court conducted a hearing in this matter on September 29, 2021. Pursuant to the Procedures Order, the Court first considered the issue of Brian Manookian's standing. Phillip G. Young, Jr. appeared on behalf of the Trustee and John Spragens appeared on behalf of Brian Manookian. Mr. Manookian was given an opportunity to offer evidence in support of his argument that he had standing in this matter, and he called the Trustee as a witness. No other witnesses or evidence were offered by Mr. Manookian in support of his argument that he had standing. Following the Court's ruling of the standing issue, the Court considered the Settlement Motion, the Konvalinka Objection, and the Trustee's Response thereto. Phillip G. Young, Jr. appeared on behalf of the Trustee and John Konvalinka appeared on behalf of Grant, Konvalinka & Harrison, P.C. The Trustee was the only witness to testify with respect to the Konvalinka Objection and the Settlement Motion.

Based on the entire record before the Court, which includes the pleadings, objections, and responses detailed above, as well as all evidence offered at the September 29, 2021 hearing and the arguments of counsel at the September 29, 2021, the Court granted the Settlement Motion, after finding Brian Manookian lacked standing to object to the Settlement Motion, and overruling the Konvalinka Objection.

Thereafter, Brian Manookian appealed the Court's order granting the Settlement Motion and on March 7, 2022, the District Court entered its Memorandum Opinion and Order wherein the matter was remanded to this Court.

In its remand, the District Court instructed this Court to apply a different legal standard to the facts on the record when considering the issue of Brian Manookian's standing.

After another appeal unrelated to this issue, this Court retained jurisdiction such that it could proceed in light of the District Court's instruction.[1] After applying the required legal standard,[2] this Court found that Brian Manookian lacked standing to object to the Settlement Motion.

Therefore, IT IS HEREBY FOUND:

A. The Trustee properly exercised her business judgment in reaching the proposed settlement of the Claim filed by the Chase Parties as proposed in the Settlement Motion.

B. Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts all other findings and conclusions stated orally at the hearing on September 29, 2021.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Manookian Objection is OVERRULED in light of this Court's ruling that Brian Manookian lacks standing to challenge the Settlement Motion.

2. The Konvalinka Objection is OVERRULED on the merits.

3. The Settlement Motion is GRANTED.

4. The terms of the Settlement Agreement attached as an exhibit to the Settlement Motion are hereby approved, and the Trustee is hereby authorized to enter into the Settlement Agreement on behalf of this estate.

---

[1] In an abundance of caution, the Court set a status hearing on the matter once it retained jurisdiction following the appeal of another issue. All parties were represented by counsel at that hearing on February 7, 2024. The parties were asked to present their position on the status of this matter and no party requested to reopen the record. Therefore, as instructed by the District Court, the record remains as it was at the time of the appeal.

[2] The District Court, while leaving this Court's findings of fact in place, instructed this Court to apply a "reasonable likelihood" standard to the question regarding the existence of a surplus in this case which would provide a basis for Brian Manookian's standing.

3

5. Claim No. 5 filed by the Chase Parties is hereby allowed as a general unsecured claim in the amount of $250,000.00 (the "Allowed Amount").

6. Claim No. 5 filed by the Chase Parties is hereby disallowed to the extent that it exceeds the Allowed Amount, and the Chase Parties shall have no other or further claims against this estate.

7. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE***

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.