```
                 UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

                                    .
IN RE:                              .  Case No. 3:19-bk-07235
                                    .  Chapter 7
CUMMINGS MANOOKIAN, PLLC,           .
                                    .
              Debtor.               .
                                    .
                                    .
. . . . . . . . . . . . . . . . .   .
JEANNE ANN BURTON,                  .  Adv. No. 3:20-ap-90002
                                    .
              Plaintiff,            .
                                    .
v.                                  .  701 Broadway
                                    .  Nashville, TN 37203
HAGH LAW PLLC, et al.,              .
                                    .  Wednesday, February 7, 2024
              Defendants.  .  11:21 a.m.
. . . . . . . . . . . . . . . .   .
```

       TRANSCRIPT OF SCHEDULING CONFERENCE AND STATUS HEARING
              BEFORE THE HONORABLE CHARLES M. WALKER
                UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Various
Respondents:              Bass, Berry & Sims PLC
                          By:  CRAIG VERNON GABBERT, JR., ESQ.
                          150 Third Avenue South, Suite 2800
                          Nashville, TN 37201
                          (615) 742-6277

TELEPHONIC APPEARANCES CONTINUED.

Audio Operator:           Lauren Wilkerson, ECR

Transcription Company:    Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46048
                          (855) 873-2223
                          www.accesstranscripts.com


       Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

TELEPHONIC APPEARANCES (Continued):

For Jeanne Ann Burton:

Thompson Burton PLLC
By:  PHILLIP G. YOUNG, ESQ.
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008

For the Various
Respondents:

Spragens Law PLC
By:  JOHN T. SPRAGENS, ESQ.
311 22nd Avenue North
Nashville, TN 37203
(615) 983-8900

For Cummings Manookian
PLLC:

Lefkovitz and Lefkovitz, PLLC
By:  STEVEN L. LEFKOVITZ, ESQ.
908 Harpeth Valley Place
Nashville, TN 37221
(615) 256-8300

1          (Proceedings commence at 11:21 a.m.)

2          THE CLERK:  Case 19-07235, Cummings Manookian, PLLC,

3     and Adversary 29-002, Burton v. Hagh Law, PLLC.

4          THE COURT:  All right.  Looks like most folks are

5     online.  Mr. Young?

6          MR. YOUNG:  Yes, Your Honor.  Phillip Young on behalf

7     of trustee.

8          THE COURT:  Can I get appearances from everyone?

9          MR. SPRAGENS:  Good morning, Your Honor.  John

10    Spragens on behalf of the various respondents.  I believe

11    Mr. Gabbert is there in-person.

12          MR. GABBERT:  Craig Gabbert for Afsoon Hagh.

13          MR. SPRAGENS:  Your Honor, the trustee's on as well.

14          MR. LEFKOVITZ:  Steven Lefkovitz for the debtor, but

15    I have no involvement in that case.

16          THE COURT:  Okay.  All right.  Let's go with the main

17    case first.  It looks like the remaining issue in the main case

18    is trustee's motion to approve compromise and settlement.

19    What's the current position and posture of that, Mr. Young?

20          MR. CASH:  Your Honor, may I interrupt for a moment,

21    and I apologize.  Harry Cash from Grant Konvalinka & Harrison.

22    We're involved in the main case.  I thought what was called was

23    the adversary, but I want to note our presence.

24          THE COURT:  Okay.  Thank you.

25          MR. CASH:  Thank you.

1          THE COURT:  Mr. Young.

2          MR. YOUNG:  Yes, Your Honor.  I'll address it.  I

3     think the claim settlement is substantially the only thing

4     that's left at this point in the main case.  It's been fully

5     briefed.  The real -- really, the two issues are the claim

6     settlement and then the related objection to standing that we

7     have.  We believe that is still a viable objection.  We're

8     prepared to argue that.  I think that the questions I would

9     like some guidance, I suppose, from the Court, we're ready to

10    go forward with that quickly since it's already been briefed,

11    it's already been argued once.  And the -- really, the guidance

12    we would like to ask the Court is, first of all, I suppose,

13    whether or not the Court's going to take up standing first.

14    That would just sort of help administratively for us to

15    understand that.  Secondly, whether the Court's going to take

16    judicial notice of all the prior testimony and exhibits.  That

17    would allow us essentially just to come in and update the Court

18    on the occurrences of the last two years since we tried this

19    the first time.  And then the third issue is, if the parties

20    continue to put me on the exhibit list that they have in all

21    recent hearings, whether the Court will permit me to argue even

22    if I'm identified as a witness.  Those are really the only

23    three issues, and those are really all administrative issues.

24    And we would suggest that we would be ready to go forward with

25    this on the final hearing on February 28th.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2225)

1            THE COURT:  Okay.  Mr. Spragens?

2            MR. SPRAGENS:  Good morning, Your Honor.  I just

3    wanted to flag for the Court as an initial matter that the

4    adversary proceeding appeal that came back down from Judge

5    Trauger last month, the notice of appeal from that would be

6    filed on Monday the 10th, and it's my expectation that we are

7    going to file an appeal in that case at my client's direction.

8    So if that gives the Court -- I mean, if the Court wants to

9    proceed in spite of that, that's up to the Court.  Our position

10   is that it shouldn't.  And then with respect to dates, it's the

11   first I've heard of February 28th, but I'm happy to look at

12   that.

13           THE COURT:  Okay.

14           MR. SPRAGENS:  And I will -- Your Honor, I will just

15   tell you that I'm supposed to be in Chicago February 28th in

16   another case.

17           THE COURT:  All right.  So availability would be --

18   all right.  Court has the issues that Mr. Young has raised.

19   I'll address those in the appropriate order if the Court goes

20   forward.  Any matters that we need to talk about given

21   Mr. Spragens' position and the likelihood that there will be an

22   appeal, again, in the adversary?

23           MR. YOUNG:  Your Honor, may I address that just

24   briefly?  The Court is -- as the Court knows, I think the

25   Court's under no compulsion to say this unless they get a stay

1  pending appeal.  The district court was very firm in its

2  affirmation of the Court's findings.  We think any appeal at

3  this point would lack any merit, and we would probably try to

4  get it summarily dispensed with in that regard.  And we

5  certainly don't think the Court must pause this for another

6  year, potentially, waiting for a determination from the Sixth

7  Circuit.  So we would just ask that the Court move forward

8  despite any further appeals.

9        THE COURT:  All right.  Any other counsel with

10  comments?  All right.  The Court will follow up with an

11  appropriate scheduling order related to these matters and/or

12  other guidance based off of the issues that have been raised.

13  Appreciate you logging on.

14        Anything, Mr. Gabbert, since you made the walk down

15  here?

16        MR. GABBERT:  It's a nice day, Your Honor.

17        THE COURT:  Yes, it is.

18        All right. Thank you, everybody, for getting on.  If

19  there's no other issues, the Court expect to see something in

20  the next few days.

21        MR. YOUNG:  Your Honor, may I -- Phillip Young on

22  behalf of the trustee.  Are we going to talk about potential

23  dates in the adversary proceedings today?  Because, honestly,

24  there's a lot more involved there.  There are ongoing discovery

25  disputes that have not been resolved that maybe we can get

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2225)

1   resolved or maybe we'll need the Court's intervention, but

2   they've not been resolved to date.  I don't know if the Court

3   wants to set, you know, or at least consider setting dates for

4   those or if the Court wants, you know, us to submit proposed

5   dates or however the Court wants to handle that, but that's

6   probably the more involved of the two.

7           THE COURT:  I mean --

8           MR. YOUNG:  Yeah.

9           THE COURT:  You know, as I see what's in the

10   adversary, it looks like the hearing on the stay of all

11   deadlines would be the threshold thing that we need to address

12   first.

13           MR. SPRAGENS:  And, Your Honor, if I could respond.

14   The adversary proceeding -- obviously, the appeal arises from

15   the adversary proceeding, and so, you know, if the Court feels

16   it can continue with the bankruptcy, but not the adversary

17   proceeding, you know, that's one matter.  But I suppose once we

18   file the notice of appeal up to the Sixth Circuit, then that

19   may impact the adversary proceeding at that time.

20           THE COURT:  Okay.  Well, the Court will wait to see

21   if there's an appeal filed, and we'll address the adversary

22   proceeding accordingly.

23           MR. YOUNG:  I appreciate it, Your Honor.

24           THE COURT:  All right.  Thanks.

25      (Proceedings concluded at 11:28 a.m.)

1 **C E R T I F I C A T I O N**

2

3       I, Alicia Jarrett, court-approved transcriber, hereby

4 certify that the foregoing is a correct transcript from the

5 official electronic sound recording of the proceedings in the

6 above-entitled matter.

7

8

9

10 _____

11 ALICIA JARRETT, AAERT NO. 428    DATE: February 20, 2024

12 ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25