No. 24-5138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 24, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: CUMMINGS MANOOKIAN, PLLC, ) | |
| ) | |
| Debtor. ) | |
| ) | O R D E R |
| ) | |
| BRIAN MANOOKIAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| JEANNE ANN BURTON, Trustee, ) | |
| ) | |
| Appellee. ) | |

Before: SILER, KETHLEDGE, and MURPHY, Circuit Judges.

Appellant Brian Manookian appeals a district court order denying him leave to appeal a bankruptcy court order denying his motion to recuse the bankruptcy judge. The clerk ordered Manookian to show cause why his appeal should not be dismissed for lack of jurisdiction. Manookian responds and asks the court to dismiss the appeal without prejudice to him challenging the order upon the conclusion of the bankruptcy proceedings.

Manookian moved the bankruptcy judge to disqualify himself. The bankruptcy judge denied the motion. Manookian appealed the denial to the district court. The district court construed his notice of appeal as a motion seeking leave to pursue an interlocutory appeal and denied the motion. *See* 28 U.S.C. § 158(a)(3), (d)(2)(A). Where the district court has not

certified the finality of a partial disposition in a bankruptcy proceeding, the appellate court lacks subject matter jurisdiction under 28 U.S.C. § 158(d). *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 452 (6th Cir. 1997). Although Manookian asks us to dismiss the appeal without prejudice, that is unnecessary. Manookian can effectively challenge this order upon entry of a final judgment. *Cattin v. Gen. Motors Corp.*, 955 F.2d 416, 428 (6th Cir. 1992) ("[I]t is well settled in this circuit that an appeal from a final judgment draws into question all prior non-final rulings and orders.").

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk