IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: CUMMINGS MANOOKIAN, PLLC, | ) ) ) | |
| Debtor. | ) ) ) | |
| BRIAN MANOOKIAN, | ) ) | Case No. 3:24-cv-00209 |
| | ) | Judge Aleta A. Trauger |
| Appellant, | ) ) | |
| v. | ) ) | |
| JEANNE ANNE BURTON, TRUSTEE, | ) ) | |
| Appellee. | ) | |

**MEMORANDUM and ORDER**

Before the court is Trustee Jeanne Anne Burton's Motion to Dismiss Untimely Appeal. (Doc. No. 4.) The court stayed the appellant's deadline for responding to the motion upon the parties' giving notice that mediation of this matter was scheduled. Upon the unsuccessful conclusion of the mediation, the Trustee renewed her Motion to Dismiss Untimely Appeal. (Doc. No. 11.) The appellant, Brian Manookian, opposes the motion on the grounds that the Trustee's motion is premised upon the mistaken assertion that the court lacks jurisdiction over an untimely appeal. He asserts that the court should exercise its discretion to consider the untimely appeal. (Doc. No. 13.) As set forth herein, the court will dismiss the appeal as untimely.

**I.    BACKGROUND**

On November 6, 2019, Cummings Manookian, PLC[1] filed a Chapter 7 Voluntary Petition

---

[1] The debtor's correct name is apparently Cummings Manookian, PLC. It was named incorrectly as Cummings Manookian, PLLC in the Petition.

in the Bankruptcy Court, which was assigned to Bankruptcy Court Judge Charles M. Walker. (Bankr. No. 1.)[2] Trustee Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee for the debtor and continues to serve in that capacity.

This case has a long and complicated history, most of which is not relevant for purposes of the present motion. What matters is that, on February 8, 2024, the Bankruptcy Court entered two Orders: (1) Order Finding Brian Manookian Lacks Standing to Object to the Trustee's Motion for Compromise and Settlement (Bankr. No. 205); and (2) Order Granting Trustee's Motion to Approve Compromise and Settlement (Bankr. No. 206).

Appellant Brian Manookian, through counsel, filed his Notice of Appeal and Statement of Election (Bankr. No. 213), giving notice of his appeal to this court from both Orders, fifteen days later, on February 23, 2014. The Notice of Appeal did not acknowledge that it was untimely under the fourteen-day filing deadline established by Rule 8002 of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court promptly transmitted the Notice of Appeal to this court, pursuant to Rule 8003(d)(1), and it was docketed in this court on February 26, 2024. (Doc. No. 1.)

On March 18, 2024, the Trustee filed her Motion to Dismiss Untimely Appeal on the basis that it had been filed outside the mandatory fourteen-day window. (Doc. No. 4.) The motion specifically outlines three actions the appellant could have taken to render the appeal timely:

> (1) file one of the four motions specified in Fed. R. Bankr. P. 8002(b) within 14 days of the entry of the orders, which would have stayed the time to file a notice of appeal; (2) file, before the 14-day appeal period expired, a motion to extend the time to file an appeal under Fed. R. Bankr. P. 8002(d)(1); or (3) file, within 21 days after the expiration of the 14-day appeal period, a motion requesting to file a late

---

[2] Citations to "Doc. No." refer to the docket number of filings made in the case in this court. Citations to "Bankr. No." are to the lead bankruptcy court docket in the underlying bankruptcy case, *In re Cummings Manookian, PLLC*, Case No. 3:19-bk-07235 (Bankr. M.D. Tenn.).

> appeal upon a showing of excusable neglect, also under Fed. R. Bankr. P. 8002(d)(1).

(*Id.* at 5–6 (footnote omitted).) As the Trustee noted, the appellant had not taken any of these actions within the allotted timeframe for doing so. (*Id.* at 6.) Accordingly, she requests that the court dismiss the appeal "for lack of jurisdiction." (*Id.*)

On the same day, the Trustee filed a Motion to Stay Briefing Schedule pending mediation, which the appellant did not oppose. On April 1, 2024, before the court granted the Motion to Stay, the appellant filed his initial Response in opposition to the Motion to Dismiss. (Doc. No. 9.) After the Trustee notified the court that the mediation had been unsuccessful and renewed the Motion to Dismiss, the appellant re-filed his Response to that motion. (Doc. No. 13.)

In his Response, the appellant does not contend that his motion is timely, but he points out that the Sixth Circuit has expressly held that Rule 8002 is not jurisdictional. *See Tennial v. REI Nation, LLC* (*In re Tennial*), 978 F.3d 1022, 1025, 1028 (6th Cir. 2020). He also appears to posit an excusable-neglect basis for extending the deadline, arguing that appellant's counsel was dealing with a death in the family requiring his attention during the two weeks after the Bankruptcy Court's Orders were entered, that the Orders were "unexpected," that the appellant has not acted in bad faith, and that the Trustee does not contend that she was prejudiced by the one-day delay. (Doc. No. 13, at 3.)[3]

---

[3] He also compares his case to one in which the Sixth Circuit declined to dismiss a bankruptcy appeal solely on the basis that the appellate brief was filed one day late and did not comport with the court's formatting requirements. *In re Felix*, 582 B.R. 915, 920 (B.A.P. 6th Cir. 2018). Contrary to the appellant's suggestion, this *In re Felix* is not the same unreported case cited by the Trustee in support of her jurisdictional argument, *In re Felix*, No. 18-8007, 2018 U.S. App. LEXIS 7202, at *2 (6th Cir. Mar. 21, 2018), which reiterated the proposition (later rejected by *In re Tennial*) that "the timely filing of a notice of appeal in a bankruptcy case is a jurisdictional requirement."

In her Reply, the Trustee acknowledges that *In re Tennial* held that the filing deadline established by Rule 8002 is not jurisdictional. (Doc. No. 14.) She contends that this is a distinction without a difference, as the filing deadline remains mandatory, as the Sixth Circuit also recognized, *see In re Tennial*, 978 F.3d at 1028, and the Notice of Appeal was still untimely. She reiterates that the appellant did not timely seek an extension of the filing deadline under Rule 8002(d).

## II. LEGAL STANDARDS

"An appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8003(a)(1). Rule 8002 states that "a notice of appeal *must be filed* with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). The bankruptcy court may extend the time for filing a notice of appeal if the party seeking to appeal files a motion within the fourteen day period or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

In *In re Tennial*, the Sixth Circuit held that "Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal does not create a jurisdictional imperative" but that, "[e]ven so, the deadline remains mandatory." 978 F.3d at 1028 (citing 28 U.S.C. § 158(c)(2) (bankruptcy appeals "*shall* be taken in . . . the time provided by Rule 8002 of the Bankruptcy Rules"), and Rule 8002(a)(1) (an appeal "*must* be filed . . . within 14 days") (emphases added)). *See also In re Holley*, No. 20-2106, 2021 WL 1922835, at *1 (6th Cir. May 5, 2021) ("[E]ven if the failure to timely appeal does not deprive this court of jurisdiction, it is still an adequate basis to dismiss the case." (citing *In re Tennial*, 978 F.3d at 1026)).

## III. DISCUSSION

There is no dispute that the Notice of Appeal in this case was filed one day late. The Trustee

has not waived objection to the delayed appeal, and the appellant did not file a motion—either in the Bankruptcy Court or this court—within the twenty-one days allotted by Rule 8002(d)(1)(B) to seek extension of the deadline. In fact, he has never sought an extension of the deadline, and the belated excuses proffered in his Response in opposition to the Motion to Dismiss are too little too late. *See Edwards v. Cmty. Fin. Servs. Bank* (*In re Edwards*), 748 F. App'x 695, 698 (6th Cir. 2019) ("A bankruptcy court may extend the time to file a notice of appeal if the party files a motion that meets these two requirements: (1) the party must file the motion within twenty-one days after the original deadline expired; and (2) the party must show 'excusable neglect.'" (quoting Fed. R. Bankr. P. 8002(d)(1)(B))).

In short, "[b]ecause the appeal deadline is mandatory, because [Manookian] missed it, and because [the Trustee] raised the issue in [her] motion to dismiss, the appeal must be dismissed as dilatory." *In re Tennial*, 978 F.3d at 1028; *accord In re Richard*, No. 1:21-cv-11064, 2021 WL 2529808, at *3 (E.D. Mich. June 21, 2021) ("Debtor's failure to meet the first mandatory 14-day deadline to file a motion for reconsideration or appeal, and failure to ask for an extension, necessitates dismissal.").

## IV. CONCLUSION

Because the Notice of Appeal was filed one day late and the appellant did not seek to extend the filing deadline within the twenty-one days allowed by Rule 8002(d) of the Federal Rules of Bankruptcy Procedure, the Trustee's Motion to Dismiss Untimely Appeal (Doc. No. 4) is **GRANTED**, and this appeal is **DISMISSED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge