SO ORDERED.
SIGNED 10th day of March, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Charles M. Walker
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| | ) |
| Jeanne Ann Burton, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No: 3:20-ap-90002 |
| | ) |
| Hagh Law PLLC, Afsoon Hagh, Manookian PLLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER FOR RULE TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* as a result of counsel's failure to appear pursuant to the Order Scheduling Status Conference ("Order" – Dkt. #228 in 3:19-bk-07235; Dkt. #246 in 3:20-ap-90002; Dkt. #34 in 3:23-ap-90036). In the Order, the Court set a Status Hearing for March 5, 2025, at 11:00 a.m. The Court set the hearing to "discuss the status of

1

further administration and future pleadings" in the cases. The Court required parties to appear either in-person or via Zoom, as well as ordering:

> (3) Failure to appear and participate in the scheduling conference may result in litigation sanctions in the form of a waiver of any objection to or continuance of the established administration dates and deadlines related hereto.

On the day of the hearing, John Spragens, counsel for Defendant, Bretton Keefer[1], and Defendant, Manookian, PLLC,[2] failed to appear as ordered.[3] The Court now issues this Rule for Mr. Spragens to show cause why he should not be held in contempt of this Court for his failure to appear as ordered.

Mr. Spragens is given until March 25, 2025, to file a Response to this Rule. The Response shall include the specific information regarding the conflict that prevented him from appearing as ordered on March 5, 2025. The specific information required includes the following:

(1) The Court in which the hearing referenced in his Motion to Continue.
(2) The case number of the conflicting hearing.
(3) The presiding judge over the conflicting hearing.
(4) The time the hearing began and ended.

Failure to comply with this Rule to Show Cause will result in the issuance of an Order of Contempt which will subject Mr. Spragens to sanctions, both litigatory and monetary.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.***

---

[1] 3:23-ap-90036
[2] 3:20-ap-90002
[3] On March 3, 2025, Mr. Spragens filed a Motion to Continue the hearing stating that he had a scheduling conflict on March 5, 2025, where he was scheduled for a lengthy evidentiary hearing in another case. Based on his failure to comply with this Court's Local Rules, as well as his failure to respect the Court and parties to these actions by waiting until the last minute to request a continuance, this Court denied the motion to continue. The Motion to Continue was only filed in the main bankruptcy case but was captioned for 3:20-ap-90002. Nothing was filed by Mr. Spragens in either adversary regarding the hearing.