SO ORDERED.
SIGNED 28th day of April, 2025



_____
Charles M. Walker
U.S. Bankruptcy Judge

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| _____ | ) |

**ORDER TERMINATING RULE TO SHOW CAUSE
AND SETTING FORTH INSTRUCTIONS FOR
DISCOVERY AND CASE ADMINISTRATION[1]**

On April 14, 2022, this court entered an Order regarding discovery matters – yes, the seventh order addressing discovery disputes and the parties' poor approach to the administration of this proceeding[2] was entered 3 years ago!!  In that Order I stated:

> "[T]he Court will take the time to enter the seventh Order and will use this opportunity to emphasize the parties' obligations to abide by the applicable Rules and Orders of this Court. The Court will also draw a clear picture of the consequences that loom on the horizon for the party or parties unwilling to comply with those Rules and Orders. . . .The Court will not look favorably upon failures to disclose, willful concealment of relevant information, gamesmanship, disruption of the schedule or any party that disregards the deadlines that have been established by the Rules or Orders of this Court.
> The Court will provide one last warning to counsel, the parties, and representatives of the parties, if for some reason anyone participating in the

---

[1] This Order memorializes the Court's remarks read into the record on April 23, 2025 at a Status Hearing set by the Court and encompassing this bankruptcy case and all associated matters.
[2] Referring to proceedings in this bankruptcy case and associated matters, specifically 3:20-ap-90002

1

discovery process does not fully understand the Court's expectations with respect to discovery. The prior admonishments by the Court, which put the parties on notice that the possibility of monetary sanctions exists for failure to comply with the discovery requirements, has not impacted the ability of the parties to cooperate and conduct discovery in this extremely routine and uncomplicated matter. As a result, in addition to monetary sanctions, the Court is prepared to exercise its discretion up to and including entry of dispositive sanctions if it finds such sanctions appropriate based on an analysis of "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the noncompliant party had been warned of the consequences of noncompliance. *Martinez v. City of New York*, 2018 WL 604019 at *22 (E.D.N.Y. Jan. 24, 2018) (citing *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009) (citation and quotation marks omitted)). Additionally, if any party's actions result in "real prejudice" to another party, the Court may impose sanctions which could include dispositive relief.

      The Court is disturbed that this litigation is bogged down in such petty and unprofessional bickering since this litigation is by lawyers, for lawyers and about lawyers. Enough is enough! Stop the shenanigans or face consequences! This Court expects the discovery process to continue without any further delay or disruption to the timeline in place and stands at the ready to enforce those Rules and Orders and, if necessary, to exercise its sanctioning powers including but not limited to monetary sanction, litigation sanction, and any fashioned sanction to promote deterrence and impose punishment on an offending party including imposition of dispositive sanctions."

Now, here we stand 3 years – a total of 1,105 days later - and the same disregard, disrespect, and inexcusable neglect is still a common occurrence. The 2022 order contained the words "one last warning." Apparently, my faith was misplaced and, although based on that warning I can impose sanctions for the disregard of the orders of this court right now, I will once again, seek to renew my confidence that counsel can and will show this Court, these proceedings, and counsel to the parties the respect that is not only deserved but required.

Mr. Spragens' failure to appear has apparently gotten him exactly what he wanted because here we are on April 23rd and, it may look like he obtained the continuance he sought at no cost to him or his client, but alas, what he has done is put us all at the point where sanctions may be imposed to control the administration of this case. This Order serves as both Notice and

2

Case 3:19-bk-07235    Doc 240    Filed 04/28/25    Entered 04/28/25 15:59:07    Desc Main
Document    Page 2 of 3

Warning: Any – and I mean ANY – attempts to vexatiously and unreasonable multiply these proceedings, or delay or hinder the progression of this case going forward, will be met with the imposition of some measure – either monetary and/or litigation - of sanction, or consideration of a party's request for a penalty.

This has gone on long enough. I have been more than tolerant with the dozens of continuances and failures to comply with discovery requests, and appearances at depositions and hearings. **This case will no longer be on anyone's back burner.** If there is no progress in the litigation process, I will start requiring counsel to appear in person at monthly status hearings to advise the Court of any obstacles to headway in the litigation process – not to punish anyone, but to discern the problem and any possible assistance the Court can administer to help things along to a resolution of this matter.

The Court makes no findings with regard to Mr. Spragens' assertion on the record at the hearing today that his violation of this Court's order was legitimate. In an effort to renew my faith in counsel before me, I will not rule on his Response to the Rule to Show Cause, however, that does not extinguish, excuse, or erase his violation. My choice is not to pursue contempt proceedings against him at this time to renew a spirit of justice and expediency into these matters. Hopefully, this will serve to inspire the respect due this Court and the proceedings before it, despite Mr. Spragens' violation remaining on the record.

*** THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE ***